PeaesoN, C. J.
 

 The rules of pleading and the orderly mode of proceeding and making entries in a cause, are intended, not merely for the convenience of the parties, so that they may not be taken by surprise, but also for the convenience of the Court, so as to prevent confusion and the embarrassment, which is apt to occur, whenever the regular course of tilings is departed from. In this case, the objection to the bill, on the ground of its being
 
 multifarious,
 
 and because it improperly prays for a division of the slaves and other specific personal property, instead of an account and settlement of the personal estate, and the difficulties’ growing out of the vague entries in the transcript, so that the Court cannot see whether the case is set for hearing on bill and answers, (taking tiro answers to be admitted,) or on bill, answers,
 
 replication
 
 and exhibits, and is loft to inference from the manner in which the cause was treated on the argument, that the latter is the manner in which it was intended to be brought to a hearing, may all be met, so far as the parties to this cause are concerned, by the general statement that “ all errors of form are waived, and tire case is to be put. upon its merits,” but still this does not answer the purpose of avoiding the danger of confusion, and of relieving the Court from embarrassment in deciding a case whore the claim to a distributive share of the personal estate and a claii i to dower out of the real estate, aro blended together, although the subjects are governed by different principles of law, and the parties are different. Wc think, it right to call the attention of the gentlemen of the bar to this matter, so
 
 that
 
 it .may not be drawn
 
 *193
 
 into precedent and a libe indulgence be again asked for. Indeed, it was with much hesitation that we concluded to proceed with this case, according to the
 
 consizruction
 
 we put on the entries made in
 
 “
 
 the transcript.”
 

 1.
 
 Thepenwial
 
 estate, which was in this State at the death of the testator, both in respect to the payment of debts, and the payment of legacies and distributive shares, must be administered by executors who are qualified by, and act under, the orders and control of the courts of this State, according to the law of this State, but in regard to the payment of legacies and distribiitive shares, from comity, our courts adopt the law of the domicil, which, in this instance, is the State of Alabama. The doctrine, on this subject, is disposed of by the case of
 
 Alvaney
 
 v. Powell, 2 Jones’ Eq. 51, and the discussion is so full, as not to call' for any further elaboration of the question. It is set out in the pleadings and''admitted, that by the law of that State, a widow, who is not satisfactorily provided for by the will of her husband, may entep her dissent, and will, thereupon, be entitled to a distributive share, us in case of intestacy, and the i>laintiff has duly entered her dissent according to the requirement of the law, consequently, there can be no reason why she shall not receive such distributive share of the personal estate in this State, and to that end, there will be a decree for an account, &c.
 

 It is alleged by the answers, that the plaintiff has obtained a decree for her distributive share in the State of Alabama, and is, therefore, barred of any further claim of a distributive share of the property in this State, as she has already been fully satisfied. But we do not understand the decree in the Court of Alabama as embracing any of the personal estate, other than that which was in that State. Indeed, it cannot be supposed to embrace the personal estate in this State, for, as we have seen, that must be administered under the orders and by the authority of our courts, and the Court in Alabama had no control over, or concern with it. So, the decree there, in respect to the property there, is not a bar to her right to have a like decree here, in respect to property here.
 

 
 *194
 
 2. In i'ospect to real estate, situate in this State, we do not, from comity, adopt the law of the domicil, but apply our own laws as to the mode of descent, transfer, devolution and all other particulars. By the common law, a widow was entitled to dower in all the lands and tenements of which her husband was seized,
 
 at any time d/u/ring eovert/are,
 
 of an estate of inheritance which she might, by possibility, have issue capa-„ ble of inheriting. By the act of 1784, the right of dower was restricted to such lands and tenements as the husband
 
 died seized and possessed of.
 
 There can be no question that the widow of one domiciled in another State, is entitled to dower in the lands and tenements situate in this State, of which he was seized and possessed at the time of his death.
 

 When the husband leaves a last will and testament, there is a provision in the act of 1784, under which the widow may enter her dissent and claim dower, and in respect to this provision, the argument stands thus :
 

 If the statute is to be construed literally, and applies only to the widows of persons resident in this State, by force of the words, “ may signify her dissent thereto before the County Court of the county
 
 wherein she
 
 resides, in open court, when the will is propounded, or within six months after the probate thereof,” it follows, as the provision does not apply to her case, ,that she is entitled to dower under the general provision, without a dissent, in all the lands and tenements of which her husband was seized and possessed at the time of his death; for the will does not take effect until after his death, and so he dies seized and possessed, notwithstanding, any devise or disposition which he may make of such lands and tenements by his will.
 

 If the statute is to receive a
 
 liberal
 
 construction, (and this, we suppose, is the true one,) so as to make it mean that the widow is to signify her dissent in the. County Court where the
 
 will is admitted to probate,
 
 at the time it is propounded, or within six months after the probate thereof, then it applies to the case of a non-resident widow, and it follows that in our case, the widow is entitled to dower, because she has signified
 
 *195
 
 her dissent in due form in the County Court, where the will was admitted to probate, upon the supposition that the provision in 'question applies to her. So, that in either way, the plaintiff is entitled to dower according to the prayer of the bill.
 

 If the plaintiff had not entered her dissent in the State of Alabama, but had
 
 taken, under the will,
 
 the lands devised to her in that State, and had then come here and entered her dissent and claimed dower, we are inclined to the opinion that she would not have been entitled to it, because, having taken
 
 under
 
 the will, she would not be allowed to take against the will here, according to the doctrine established by
 
 Mendenhall
 
 v.
 
 Mendenhall,
 
 8 Jones’ Rep. 287. But as she dissented there, and has also dissented here, and claims against the will in both States,- her acts harmonise, and her right seems to be a very clear one.
 

 In regard to the decree which it is alleged she has obtained for her dower in Alabama, and which the answer seeks to set up in bar to her dower in the lands situate here, we must consider it as confined to the lands situate in Alabama, and that the lands in this State were not taken into consideration, so it cannot amount to a satisfaction, and is not a bar to the right she now seeks to assert.
 

 There will be a decree for the plaintiff, declaring her entitled to dower, and also to an account, and distributive share of the personal estate.
 

 Per Curiam, Decree accordingly.