SOPHIE SCOTT et al. v. BLADES LUMBER COMPANY.

(Filed 26 February, 1907).

1. **Statute of Limitations—Principal.**—The statute of limitations does not begin to run against the principal of a mortgage of lands until it is due, and the power of sale contained in the mortgage may be exercised within ten years after the maturity of the principal.

2. **Statute of Limitations—Power of Sale Optional Upon Default of Interest.**—The statute of limitations does not begin to run upon default in payment of annual interest upon the principal, when the power of sale contained in the mortgage is optional with the mortgagee upon default of either interest or principal of the debt.

3. **Executors—Sale Under Mortgage Contract—Designated by the Will.**—When a power of sale in a mortgage is given to the mortgagee, "his executors," etc., upon default, and the mortgagee dies leaving a will under which his executors qualify, the power of sale vests in the executors by virtue of the statute and the contract in the mortgage.

4. **Foreign Executors — Attempted Conveyance — Assignment of Debt.**—A deed to real property made by foreign executors by virtue of authority in the will is void in North Carolina unless the executors qualify here, and operates only as an assignment of the debt and security, and not as a conveyance of the land.

5. **Foreign Executors—Deed—Subsequent Qualification.**—A deed made by foreign executors to purchasers at a sale under the power

of sale in a mortgage is an execution of the contract in the mortgage, and the subsequent probate of the will in the county wherein the lands lie relates back to the time of and validates such deed, when there are no intervening rights of third persons.

CIVIL ACTION, tried before *Shaw, J.,* and a jury, November Term, 1906, Superior Court of CRAVEN County. Upon intimation of the Court that he would charge the jury to answer the issues in favor of the defendant, if they believed the evidence, the plaintiff submitted to a nonsuit, and appealed.

*W. D. McIver* for plaintiff.
*W. W. Clark* and *Moore & Dunn* for defendant.

CLARK, C. J. Stephen Scott, in June and July, 1888, executed to P. M. Barber two mortgages falling due five years thereafter, with power of sale in Barber, "his executors and assigns," upon default. Barber died domiciled in Pennsylvania in 1891, leaving a will appointing executors also residing in that State, where the will was proved, and the executors qualified there. They have never qualified nor taken out letters in this State, and the will was not proved or recorded here until after the commencement of this action. The executors, on 23 November, 1896, executed a deed for the mortgaged premises and assigned the mortgages also to the Clark Lumber Company. In 1899 the executors sold the property, after due advertisement, under the power of sale, and conveyed the same to the purchaser, the Blades Lumber Company, the defendant herein.

This is an action by the plaintiffs, the heirs at law and widow of Stephen Scott, who have remained in possession, against the Blades Lumber Company to recover damages for conversion of timber on said tract.

The plaintiffs contend:

(1) "That ten years having expired since the first year's

interest on the mortgage fell due, July, 1889, the power of sale is extinguished by the lapse of time." The principal of the mortgage did not fall due till July, 1893, and the sale was in December, 1899. The power having been exercised within the ten years thereafter, the legal proposition does not arise. It is true, there was also power of sale for default in payment of annual interest, but it does not appear that there was such default, and, if shown, the sale being optional, there could be no foundation for the running of the statute till 1893, independent of the ruling in *Menzel v. Hinton,* 132 N. C., 660 (since changed by Revisal, 1044), that there is no limitation as to power of sale.

(2) "That the conveyance by the executors to the Clark Lumber Company in 1896 deprived the executors of all right to sell under the power of sale." But the foreign executors could not sell and convey real estate in this State by any authority in the will, unless they had qualified here. Revisal, secs. 5 (2) and 28 (1). 18 Cyc., 1231. Their deed to Clark Lumber Company in its effect was nothing more than an assignment of the debt and mortgage. The power of sale remained in them. A sale under such power is not under the authority of the will, but by virtue of the contract in the mortgage. If the proceeds of sale under the foreclosure have not been paid over to the assignees, that does not affect the title conveyed by the deeds to the purchasers at said sale, nor would that concern the plaintiffs.

(3) "That the executors not having qualified in this State, and the will not having been proved or recorded here till after the sale under the power of sale, such sale was unauthorized and void." The power of sale is contractual, and the executors of the mortgagee are designated in the power of sale. The executors named in the will take by virtue of the contract; they are simply designated and pointed out by the

will. They derive no power or authority from the will; hence, a foreign executor can execute such power without qualifying here. 18 Cyc., 1232; 13 A. and E. (2 Ed.), 918; 28 A. and E. (2 Ed.), 774. It is necessary, however, that the will should be proved and recorded in this State, where the land lies, but such probate may be made after the conveyance and will relate back and validate it, provided no rights of third parties have intervened. 18 Cyc., 1232, and cases cited. If the power had not been conferred upon the executors by the terms of the power of sale, they could still have exercised the power by virtue of Revisal, 1031, as an incident to the contract.

In instructing the jury to answer the issues in favor of the defendant, there was

No Error.