F. R. GLASCOCK AND WIFE v. T. N. GRAY ET AL.

(Filed 23 September, 1908.)

1. **Executors and Administrators—Foreign Executors—Bond—Deeds and Conveyances—Statutory Requirements—Interpretation of Statutes.**

   Under Revisal, sec. 28, declaring that "no foreign executor has any authority to intermeddle with the estate until he shall have entered into a bond" within a year from the testator's death, deeds made by foreign executors to lands in this State, under a power in the will to sell, convey no title until the statutory requirements have been complied with.

2. **Same—Words and Phrases.**

   The words "intermeddle with the estate," used in Revisal, sec. 28, in relation to the authority of foreign executors in dealing with the testator's property here, signify that foreign executors may not, without giving bond, exercise any control over any part of the estate, real or personal, until the terms of the act are complied with.

ACTION to recover possession of a tract of land, heard by *Ward, J.,* at January Term, 1908, of WASHINGTON.

A jury trial was waived and the facts were found by the court. From a judgment declaring that plaintiffs, in no view of the case, were entitled to recover, they appealed.

*Ward & Grimes, W. M. Bond* and *Huggins, Huggins & Johnson* for plaintiff.

*Shepherd & Shepherd, Pruden & Pruden* and *J. W. Bailey* for defendants.

BROWN, J. The plaintiffs claim title under a deed executed by the executors of P. N. Gray by virtue of a power contained in his will. In September, 1902, P. N. Gray died testate, domiciled in Ohio, seized in fee simple of the land in question in North Carolina, together with other real estate in Ohio. By his will A. H. Johnson and Philemon J. Dill, residents of Ohio, were named as his executors. The will was probated in Franklin County, Ohio, and the executors were regularly qualified in that State. In December, 1902, the will was duly admitted to probate in Washington and Tyrrell counties, North Carolina. The executors never qualified in North Carolina, and no administrator has been appointed therein. The will of P. N. Gray empowered the executors to sell at either public or private sale all the testator's real estate, not specifically devised to his wife, located in Ohio or North Carolina, for cash or on time payments, and to execute deeds to the purchasers. This land in North Carolina was not specifically devised to the testator's wife.

On 6 February, 1906, the executors sold under the power in the will the real estate in North Carolina to plaintiffs, and executed and delivered a deed therefor to plaintiffs. This deed was properly probated and registered in both Washington and Tyrrell counties, North Carolina, in which the land is located, prior to the beginning of this action.

The plaintiffs' title depends upon the validity of this deed. We agree with the learned Judge of the court below that the deed from the executors to plaintiffs conveyed no title, inasmuch as under the law of this State the executor must qualify here in order to exercise any control over the testator's estate. The general proposition is conceded that an executor stands upon a different footing from an administrator, as the former derives his authority from the will and not simply from the law, and when he proves the will, as required by the law of the domicile of the testator, it passes the property to him, wherever it may be situated, according to its legal effect. Therefore it has been frequently held, in the absence of statutory regulation to the contrary, that when the will has been admitted to probate according to the laws of the State in which is the *situs* of the property, the executor may maintain an action of ejectment for the land in such State without taking out letters testamentary therein. *Lewis v. McFarland,* 9 Cranch, 152; Am. and Eng. Enc. (2d Ed.), 918, and cases cited. These authorities would control here but for the express words of our statute (Revisal, sec. 28), which reads as follows: "Executors shall give bond as prescribed by law in the following cases: 1. Where the executor resides out of the State. And no foreign executor has any authority to intermeddle with the estate until he shall have entered into bond, which must be done within the space of one year after the death of the testator, and not afterwards."

The proposition contended for by the appellant is also conceded, that generally the personal representative has no control over and no concern with the landed estate. It goes directly to the heirs, unless directed in some other channel by the will. So it follows that a devisee may take possession of land devised to him, after the will is admitted to probate in the State where the land is situated, whether the executor qualifies or not.

But this land in controversy is devised to the executor, with power to sell, convey title and receive the purchase money. It is not given to the executors individually, but in their representative capacity.

This money may become necessary assets with which to liquidate the testator's debts in this State. Devisees or residuary legatees residing in this State may be interested in its ultimate distribution. Therefore, for reasons of State policy, our statute prohibits the foreign executor from exercising any control over the estate, both real and personal, until he qualifies under our own laws.

We are unable to give the words of the statute the narrow construction contended for, and to hold that the word "estate," as used therein, refers only to personal assets. Such interpretation of the law would tend largely to destroy its usefulness.

We must assume that the Legislature used the word "estate" in its true legal significance, and as such it embraces an interest in anything that is the subject of property, especially in lands. Preston defines it to be "the interest which any one has in lands or in any other subject of property." 1 Prest. Est., 20; 2 Blk. Com., 103; 2 Crabb Real Prop., p. 2, sec. 942. To the same effect are Coke and all other English authorities. Coke Litt., 345. In the American courts the word "estate" is a word of the greatest extension and broadest significance. It comprehends every species of property, real and personal. 2 Redfield on Wills, ch. 14, sec. 48. *Deering v. Tucker,* 55 Me., 287; *Godfrey v. Humphrey,* 18 Pick., 537.

The word "intermeddle" is of equally broad significance, and prohibits any interference with or control over any part of the estate until the terms of the act are complied with. This certainly would forbid a sale by a foreign executor of the landed estate situated here. Although the facts in *Scott v. Lumber Co.,* 144 N. C., 45, are a little different from

this case, we think the principle upon which that case was decided is the same in this. It is there said that a deed to real property, made by foreign executors by virtue of authority in the will, is void in this State, unless the executors qualify here. In support of that statement of the law the Chief Justice cites the very statute we have quoted, and grounds the judgment of the Court upon it.

We are of opinion that in the trial in the Superior Court the Judge committed

No Error.