9418.

MATTHEWS v. CLARK *ET AL.*

(89 S. E. 471.)

1. WILLS— CONSTRUCTION— PERSONAL PROPERTY— BEQUESTS IN LIEU OF DOWER.—A legacy to testator's widow of $3,000 out of the sale of lands "as her full and entire share of all my personal and real estate," the will directing that she receive this sum "as her full and entire share of my estate," *held* given in lieu of dower.

2. COURTS — RULES OF DECISION — PRECEDENTS — OPINION BY DIVIDED COURT.—Within the jurisdiction of the Court, a dissenting opinion strengthens the authority of a case, since it shows the case has been thoroughly considered, and in future cases a dissenting Justice is as much bound by the majority opinion as is writer thereof.

· Before GARY, J., Lexington, August, 1915.    Affirmed. :

Suit to construe a will, by J. L. Matthews, administrator, against Corrie Clark and others.    From a decree, respondents appeal.

The decree appealed from is as follows:

This suit was instituted for the purpose of obtaining an authoritative construction of the will of George C. Clark, late of Lexington county, who died in November, 1910. When the pleadings were all made up and filed, there had been injected into the case issues not contemplated by the complaint, although entirely proper and timely.    The issues so injected are: "Is the widow of the testator entitled to both the legacy left her by the terms of the will and dower also, and has the widow by accepting the legacy waived her right to claim dower?"    Judge DeVore decided all the issues in the case except those just referred to.    He made an order directing the clerk of this Court to take the evidence and report the same to the Court on these issues, especially reserving them for further adjudication.    The clerk reported the testimony so taken, and these reserved issues are now before me for adjudication.

The law governing the case is certain and familiar, but the difficulty arises in the application of the facts of the case to law that has long been settled, both in England and in this country.

In *Gordon* v. *Stevens,* 11 S. C. Eq. (2 Hill Eq.) 46, 27 Am. Dec. 445, the law is stated to be that: "The widow's right of dower is one with which the law invests her, and over which the husband has no control.    He can neither dispose of it by contract in his lifetime, nor direct the disposition of it after his death by will or otherwise.    She can only be deprived of it by her own act or voluntary consent. The husband has, however, the unquestionable right to annex to the dispositions of his other property, by will, any condition he may think proper, which is not in itself against

the law. He may therefore make it the condition of a legacy to his wife that she shall renounce her dower or declare that it shall be in lieu or bar of her dower, and, if she accept it, it must necessarily so operate. It seems to be universally agreed, too, that although no such condition or declaration is expressed in the will she will not be entitled to both the legacy and the dower, if retaining her dower would be inconsistent with the provisions of the will and defeat the intention of the testator."

The case of *Cunningham* v. *Shannon,* 25 S. C. Eq. (4 Rich. Eq.) 135, is to the same effect, and holds that "every devise which a husband makes of land upon which his wife's right of dower attaches is presumed to be made subject to the right of dower, unless the contrary appears on the face of the will, in express words, or by the strongest kind of implication." This is undoubtedly the law.

What are the facts of this case? What was the intention of the testator? Does it appear by the strongest kind of implication or by express declaration that it was the intention of the testator that the legacy to the wife was to be in lieu and bar of her dower? These questions must be answered in view of the language of the will and the surrounding circumstances.

The testator had a large family and his estate owed debts to the amount of $15,000. He had paid about $12,000 for his land, the same being about 2,900 acres. The timber on the land had been sold and taken off, leaving the land very much less valuable than it was prior to the removal of the timber. It is very doubtful whether the wife's dower would amount to as much as the legacy in cash of $3,000 which legacy was to be derived from a sale of the land.

It will be remembered that the will was drawn by a layman—a man not skilled in the use of technical words. Giving to the language of the will the ordinary common sense meaning, it seems to me that the testator has used the

strongest kind of untechnical language to indicate that the legacy should be the only interest of any kind, whether it be called a "share" or "an estate" that should be claimed by the wife. The language of the testator in the case before us makes a stronger case calling for an election by the wife than does the language in the case of *Bannister* v. *Bannister,* 37 S. C. 529, 16 S. C. 612. In the Bannister will we have no such express declaration as we have in this will, and the circumstances relied on in the Bannister case as calling for an election are all present in this case. For similar reasons, the case before us is a stronger case demanding an election than the case of *Hair* v. *Goldsmith,* 22 S. C. 566.

The language of the will before us is: "I will that my wife, Corrie Clark, be paid the sum of three thousand dollars, $3,000.00, as her full and entire share of all my personal property and real estate, out of funds provided for below." And, "It is my will and desire that my wife shall receive $3,000.00 as her full and entire share of my estate." The testator also directs that his real estate be converted into cash, and directs what shall be done with the cash after first paying the $3,000 legacy.

It seems to me that the strongest kind of implication is that the legacy was to be in lieu of any other rights of the wife; and that for her to have her dower in addition to the legacy would be inconsistent with the provisions of the will, and would in a measure defeat the intention of the testator. Certainly, the disposition made by the testator of his real estate, as I interpret the will, is not consistent with the idea that the real estate should be converted into cash, the legacy paid to the widow, the balance divided and invested for the children, and still leave the real estate to the extent of one-third liable to be occupied by the widow during her life, the interpretation contended for. This would be the condition if the widow is allowed both legacy and dower. I cannot bring myself to think that such was the intention of the testator.

In accepting the legacy the wife gave her receipt to the effect that the legacy was accepted as in full settlement and discharge of her dower rights. This is not conclusive of her rights, but it is a contemporaneous circumstance tending to show what the wife regarded as the intention of the testator. She is presumed to have acted with full knowledge that she was not compelled to accept the legacy.

It is urged strongly that the word "share" is used in the provision above quoted, and not the word "dower," and that the wife's dower was an estate and not a share of testator's estate. Therefore the testator did not refer to dower rights when he spoke of "her full and entire share of my estate." But as I have already pointed out, the will was drawn by a layman not versed in legal nomenclature. Doubtless he never gave a thought to the shade of difference in meaning between "full and entire share of testator's estate," and "dower rights in testator's estate." I think the shade of difference is too slight to have been considered either by the testator or his unskilled scrivener. Seeking the intention of the testator in the light of the language used, the surrounding circumstances, and the recognized canons of construction, I have reached the conclusion above announced.

It is therefore ordered, adjudged, and decreed that Corrie E. Clark, having accepted the legacy provided for her in the will of George C. Clark, deceased, is not entitled to dower in lands owned by him during their coverture; the said legacy and the acceptance thereof by the said Corrie E. Clark being in lieu and extinguishment of her dower rights.

*Messrs. Thurmond, Timmerman & Callison,* for appellant, cite: *As to wife's right to dower:* 4 Rich. Eq. 140, 147; 22 S. C. 566 and 572; 30 S. C. 249, 254, 555; 43 S. C. 438; 34 S. C. 86; 63 S. C. 129; 37 S. C. 529; 44 S. C. 427; 59 S. C. 522; 80 S. C. 19; 83 S. C. 365; 6 Rich. Eq. 36, 37; 2 Johns. Ch. 448; 2 Ves. Jr. 572; 2 Hill Ch. 46.

*Mr. C. M. Efird,* for respondents, cites: *22* S. C. 566, 572; 58 S. C. 125, 135..

June 30, 1916.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

The appellant says:

"Geo. C. Clark died on the —— day of November, 1910, leaving of force a will, which was thereafter duly admitted to probate, wherein he undertook to dispose of his estate, both personal and real, to his widow, Corrie Clark, the appellant herein, and to his children by a predeceased wife.

"The issues raised in this case are: (a) Is the widow of the said George. C. Clark, deceased, entitled both to the legacy left her in the will and to her estate of dower in the real property of her deceased husband? (b) Did she, by accepting the legacy given her and receipting therefor, waive her right to claim dower?"

Mr. Clark's will provided in item 2:

"I will that my wife, Corrie Clark, be paid the sum of three thousand dollars, $3,000.00, as her full and entire share of all my personal and real estate out of the funds provided for below."

The testator then sets aside his house and four acres in Leesville for his children and directs a sale of his land.

"Item 5. It is my will and desire that my wife shall receive three thousand dollars as her full and entire share of my estate," etc.

The Circuit Judge held that the legacy was given in lieu of dower.

There is no dispute as to the law in regard to the principles which apply to the dower rights of the widow. The difficulty is their application. The application made by the

Circuit Judge is fully sustained by the authorities cited. (Let the Circuit decree be reported.)

It is said that the authorities cited embrace opinions by a divided Court. It is well to clear up a misapprehension in the minds of the bar as to the force of a decision of this Court in cases in which the Court is divided. A dissenting opinion shows that the case has been thoroughly considered. The opinions of the majority govern. When that question arises in future cases, the dissenting Justice is as much bound by the decision of the majority as is the Justice who wrote the prevailing opinion. The dissenting opinion, within the jurisdiction of the Court, strengthens the authority of the case. Outside of the jurisdiction of the Court, where the decision is not binding but merely evidence as to what the law is, of course the conflict of the witnesses weakens the force of the opinion. The opinion in *Hair* v. *Goldsmith,* 22 S. C. 566, is conclusive of this case on both questions.

The judgment is affirmed.