FIRST NATIONAL BANK v. JOHN S. PANCAKE.

(Filed 15 November, 1916.)

**1. Removal of Causes—Foreign Executors—Voluntary Parties.**

> Foreign executors may not, of their own motion, make themselves parties to an action brought against their testator, in his lifetime; and where this has been attempted, without order of court to that effect, they may not enter proceedings to remove the cause to the Federal court for diversity of citizenship.

**2. Same—Order of Court—Requisites.**

> Foreign executors may not obtain an order of court to make them parties to an action which had been brought against their testator upon filing a certificate of their appointment, without the seal of any court thereon, unaccompanied by letters testamentary, or copy of will, or without other adequate proof of their appointment as such.

**3. Removal of Causes—Foreign Executors—Administration—Statutes—Requisites.**

> An attachment levied against the property of a nonresident shows that he had property in this State, and when he has died after action brought,

it becomes necessary for his executors or administrators to prove the will here and take out ancillary letters of administration with the will annexed and give the bond as required by our statute, Revisal, sec. 28 (1), before they will be recognized by our courts, or permitted to file a petition and bond for removal of the cause to the Federal court for diversity of citizenship.

APPEAL by plaintiff from *Cline, J.,* at May Term, 1916, of DAVIDSON.

*Raper & Raper for plaintiff.*
*F. C. Robbins, Walser & Walser, and Linn & Linn for defendants.*

CLARK, C. J. This action was originally begun against John S. Pancake, a nonresident of the State, and service was had by levying an attachment on a certificate of stock in the plaintiff bank, and service of summons by publication. He entered a special appearance and moved to vacate the attachment, which was denied, at January Special Term, 1916, of Davidson. Before the next term of court John S. Pancake died, and at that term his death was suggested, and on 30 March, 1916, the defendant filed before the clerk what purports to be a certificate of their having qualified as executors in Virginia, and indorsed on back of such certificate is the following: "The within named executors come into court and voluntarily make themselves parties defendant to this action," signed by their attorneys. They moved at May term for removal to the Federal court.

The defendants could not thus make themselves parties without leave of the court, and the motion to remove was erroneous because they have never been made parties to the action by order of the court. And it would have been erroneous to make them parties, for several reasons.

The document filed as the certificate of the appointment of the defendants as executors does not bear the seal of any court, and it is not accompanied by letters testamentary or by copy of the will. There is no adequate proof that they are the executors of the deceased. There is no order of the court here adjudging them to be such. Besides, Revisal, sec. 28 (1), provides: "No foreign executor has any authority to intermeddle with the estate until he shall have entered into bond, which must be done within the space of one year after the death of the testator, and not afterwards." The deceased having left property in Davidson County, in this State, as is shown by the attachment, the defendants must prove the will here and take out ancillary letters of administration with the will annexed and give bond as required by our statute before they are recognized by the courts of this State. *Glascock v. Gray,* 148 N. C., 346; *Scott v. Lumber Co.,* 144 N. C., 45.

Without a certified copy of the will, certainly in the absence of a certificate under seal of court of their adjudication of appointment as

executors by the Virginia court, there is nothing to assure us that they have any right to represent the deceased; and in the absence of a bond, even if so recognized, they are forbidden to represent the estate here.

In 18 Cyc., 1221, it is said: "It is a well settled principle of the common law that letters of administration have no extra-territorial force and confer no authority upon the representative to administer upon property outside of the State or country of his appointment. . . . No State will recognize a foreign representative to the prejudice of its own citizens."

If the defendants. are, as they claim, the executors of John S. Pancake, and have so qualified in Virginia, and this had been duly shown, still that would give them no right under our statute, Revisal, 28 (1), except to apply to the clerk of the Superior Court at Davidson, where the attached property was, for ancillary letters of administration and to give bond. The policy of our law is that the property of a nonresident deceased person within this State shall be administered here and applied, first, to the payment of the debts due here, and only the surplus to be removed from the State.

In *Morefield v. Harris,* 126 N. C., 626, it was held: "An administrator cannot sue in this State by virtue of his appointment in another State. There must be an ancillary administrator appointed here." To same effect, *Page v. Ins. Co.,* 131 N. C., 116; *Shields v. Ins. Co.,* 119 N. C., 380. In that case there is full citation of authority to the above effect. The fact that the defendants claim to be foreign executors gives them no more right to defend than to prosecute an action. Bond must be given and ancillary administration taken out here so that the control of the property may remain in our courts for the protection of creditors here, unless and until, after such ancillary administration and bond, there is removal to the Federal court, upon a proper petition filed.

The defendants not having been made parties by any order of the court, and not having presented a case which would have entitled them to be recognized as parties, they were not in condition to ask for removal of this cause to the Federal court. The order of removal was therefore improvidently granted, and must be

Reversed.