JOHN M. COBLE, JR., AND EDNA GLENN COBLE, HIS WIFE, AND MARTHA COBLE ATWATER AND LUTHER E. ATWATER, JR., HER HUSBAND, PETITIONERS, v. SARAH GLENN COBLE, WIDOW OF C. W. COBLE, DECEASED, AND THE PEOPLE'S NATIONAL BANK OF CHESTER, SOUTH CAROLINA, EXECUTOR OF HIS ESTATE, AND RICHARD COBLE, HIS INFANT SON, AND SARAH GLENN COBLE, HIS GENERAL GUARDIAN, AND BETTY BACON McKOY AND JAMES H. McKOY, JR., MINORS, AND THE WILMINGTON SAVINGS & TRUST COMPANY, THEIR GENERAL GUARDIAN, RESPONDENTS.

(Filed 5 June, 1947.)

**1. Dower § 7—**

Where a widow dissents and renounces provision made for her expressly in lieu of dower in her husband's will, she is entitled to dower in the same manner as though her husband had died intestate.

**2. Courts § 14—**

The laws of the state of the *situs* determine what estate a widow who has dissented from her husband's will has in his property; and the laws of the state in which the husband died domiciled and in which the will was probated govern her dissent.

**3. Same—**

Where a widow accepts provision made for her expressly in lieu of dower in her husband's will, she loses dower; but if she validly dissents in the state in which the will is probated, she renounces the will *in toto* and cannot take testamentary benefits under it anywhere.

**4. Wills § 40—**

Testator died in South Carolina and his will was duly probated there. His widow filed a dissent valid under the laws of that State. *Held:* She is entitled to her dower rights in lands owned by testator within North Carolina upon the filing of an authenticated copy of the will as proven and probated, without also dissenting here.

**5. Wills § 15b—**

The will of a nonresident recorded here, G. S., 31-27, should include as a muniment of title, the proceedings in dissent as same appear of record in the probate court in the county in which the will was probated, and when such dissent proceedings have not been included in the papers recorded they may be filed and recorded *nunc pro tunc* when the rights of third parties have not intervened.

APPEAL by C. C. Cates, Jr., as guardian *ad litem* of minor defendant, Richard Coble, from *Olive, Special Judge,* at January Civil Term, 1947, of ALAMANCE.

Special proceeding to sell land for partition in which right of dower in an undivided one-fourth interest is called into question by guardian *ad litem* of a minor heir.

The parties agree that Clarence W. Coble, who owned one-fourth undivided interest of, in and to the lands in question, died on 2 November, 1943, resident of the State of South Carolina, survived by his wife, Sarah Glenn Coble, and one child, Richard Lyles Coble, and leaving a last will and testament in which he willed and bequeathed (1) four thousand dollars to his wife "to be hers absolutely and forever . . . in lieu of dower," it not being his "intention that she is to receive any other portion" of his said estate whatsoever, and (2) the rest and residue of his property, of any and every kind, to Peoples National Bank of Chester, Chester, South Carolina, for and during the minority of his son Richard Lyles Coble, in trust solely for the uses and purposes set forth. The bank was named also as executor of his will. The will of Clarence W. Coble was dated 24 October, 1942, and signed, sealed, published and declared by him as and for his last will and testament in the presence of three witnesses who at his request and in his presence and in the presence of each other affixed their names thereto as subscribing witnesses. It was duly probated upon the oath of one subscribing witness according to the laws of South Carolina in court of probate of Richland County, South Carolina, on 23 November, 1943, and letters testamentary were issued to Peoples National Bank of Chester, the named executor.

Thereafter, on 20 March, 1944, and within the time prescribed by the State of South Carolina, Sarah Glenn Coble, the widow of Clarence W. Coble, duly filed her dissent to the said will in said Richland County, State of South Carolina, pursuant to and in compliance and in accordance with the laws of the State of South Carolina, rejecting and renouncing the said legacy of four thousand dollars, and electing to take such interest in the estate of her late husband as she would have taken had there been no will. A dissent so filed is valid under the laws of the State of South Carolina.

A transcript of the will of Clarence W. Coble, together with its probate, as authenticated and certified from the Probate Court of Richland County, South Carolina, was under date 11 September, 1946, duly filed in the office of the Clerk of Superior Court of Alamance County, North Carolina, on 13 September, 1946, and recorded in the Will Records. But the transcript of the will and probate, so filed and recorded in Alamance County, North Carolina, did not contain a copy of the dissent and renunciation of Sarah Glenn Coble.

However, on 28 January, 1947, a copy of the said dissent and renunciation as filed with the said bank as executor and in the Probate Court of Richland County, South Carolina, proven before a notary public upon oath of the subscribing witness thereto was filed in the Superior Court of Alamance County, North Carolina. Also on same date, and within six months from the date of filing the authenticated copy of the will in Alamance County, North Carolina, the attorney for the widow filed a

paper writing styled "Widow's Dissent" in manner prescribed by the North Carolina statute, G. S., 30-1, except that no written authority to him from her was filed.

When the cause came on for hearing in regular term of Superior Court of Alamance County, North Carolina, on 28 January, 1947, upon the agreed statement of facts, the court concluded as pertinent matters of law: That the said dissent of Sarah Glenn Coble "has been duly filed both in South Carolina and North Carolina, as required by the laws of the said respective States, and that she thereupon became entitled to take, hold and receive a dower estate in and to the lands and real properties and interest in land and real properties owned by her husband, C. W. Coble, and located in North Carolina at the time of his death," etc. And, thereupon, and in accordance therewith the court entered judgment.

The respondent, C. C. Cates, Jr., as guardian *ad litem* of Richard Lyles Coble, minor, respondent, appeals therefrom to Supreme Court, and assigns error.

*C. C. Cates, Jr., for Richard Lyles Coble, appellant.*

*Belser & Belser and John W. Crews for Sarah Glenn Coble Sullivan, appellee.*

WINBORNE, J. Decision on the challenge to the judgment from which this appeal is taken may fairly turn upon the answer to this question: Where the testator, domiciled in Richland County in the State of South Carolina, makes provision in his will for his wife, expressly in lieu of dower, and, upon the will being duly proven and probated in the probate court of said county and recorded therein, the widow files in the probate court of said county a valid dissent to said will,—thereby rejecting and renouncing the provision so made for her, and electing to take such interest in the estate of the testator as she would take had there been no will, may the widow claim dower in real estate in Alamance County in the State of North Carolina, of which testator died seized, without also dissenting there, upon the filing of an authenticated copy of the will as proven and probated in Richland County, South Carolina? The answer is "Yes."

In this connection, it is the law in the State of South Carolina that the legal right of the wife to dower in the lands of her husband cannot be defeated by his last will and testament, but if, by his will, he makes a provision for his widow, and declares it to be in lieu of dower, she must elect between the two, the provision made in the will and the dower, and cannot take both. See *Bannister v. Bannister,* 37 S. C., 529, 16 S. E., 612; *Gordon v. Stevens,* 11 S. C. Eq. (2 Hill Eq.), 46; 27 Am. Dec., 445; *Bailey v. Boyce,* 23 S. C. Eq. (4 Strobh.), 84; *Hair v. Goldsmith,* 22 S. C., 566; *Callahan v. Robinson,* 30 S. C., 249; 3 L. R. A., 497; *Mat-*

*thews v. Clark,* 105 S. C., 13, 89 S. E., 471; *Bomar v. Wilkins,* 154 S. C., 64, 151 S. E., 110, 68 A. L. R., 501. See also Anno. 22 A. L. R., 444.

If the widow accepts provision made for her by her husband in his will, declaring that such provision is made in lieu of dower, she by her voluntary act loses dower. *Bomar v. Wilkins, supra.*

But where a widow dissents and renounces the provision made for her by her husband in his will, declaring that such provision is made in lieu of dower, the whole estate is open in so far as she is concerned, and she is let into the enjoyment of all her rights thereto in as ample manner as if her husband had died wholly intestate. 17 Am. Jur., 746, Dower, Sec. 92.

Moreover, while there is conflict of law in this respect, the better reasoned authorities it seems hold that the widow's renunciation in the State of the decedent's domicile of the provisions of his will in her favor is a total renunciation of the will everywhere, and, having renounced it there, she cannot take testamentary benefits under it elsewhere. See Anno. 105 A. L. R., 271, at p. 283, where the cases *Colvin v. Hutchinson* (Mo.), 92 S. W. (2d), 667, 105 A. L. R., 266, and *Jones v. Gerock,* 59 N. C., 190, among other citations, are cited in support.

In the *Colvin case, supra,* it was held that a renunciation in Illinois by the widow of the testator resident in that State, of the provisions of the will in her favor, was effective in Missouri as to land in that State without further renunciation there, and that the widow did not, by her failure to make a new renunciation in Missouri, lose her right to claim her dower interest in the lands in Missouri against the will. *Hyde, C.,* writing in that case for the Supreme Court of Missouri, pertinently states: "Surely it is a poor rule that will not work both ways. We think that the reason of the matter is that, when a man dies owning real estate in several states, leaving a will providing for his wife benefits which under the law she would take in place of dower if she accepted it, his widow's situation is as follows: The will offers her testamentary benefits; each state offers her instead certain estates in the land located therein; but the law of each state governs the kind of an estate she may have there if she renounces the will . . . If she renounces the will, in order to make the choice between different estates any state offers for renunciation, she must do what that state requires or get only what she would receive there upon her failure to make such a choice in the required way. But, when she renounces the will in the state of her residence, where its validity is established by probate, she renounces it *in toto* everywhere, and cannot take testamentary benefits under it anywhere. At least, in the absence of a statute with specific requirements, no filing of the renunciation elsewhere is necessary. Likewise, if she accepts it in the state of her residence and its probate, she is bound by it everywhere and cannot renounce it in some other state. This view is supported by

well-considered authority, and gives effect both to the principle that title to real estate is governed by the laws of the state where it is located and to the principles upon which the doctrine of election is based," citing among other cases *Jones v. Gerock, supra.*

In the case of *Jones v. Gerock, supra,* the will of a decedent, domiciled in Alabama was probated there, and his widow filed dissent there, according to the laws of that State, and afterwards when the will was admitted to probate in Onslow County in this State, the widow also dissented there. This Court held that there can be no question that the widow of one domiciled in another state is entitled to dower in the lands situate in this State, of which he was seized and possessed at time of his death. Moreover, *Pearson, C. J.,* in writing the opinion, had this to say: "If the plaintiff had not entered her dissent in the State of Alabama, but had *taken under the will* the lands devised to her in that State, and had then come here and entered her dissent and claimed dower, we are inclined to the opinion that she would not have been entitled to it, because, having taken *under* the will, she would not be allowed to take against the will here, according to the doctrine established by *Mendenhall v. Mendenhall,* 53 N. C., 287. But, as she dissented there, and has also dissented here, and claims against the will in both States, her acts harmonize, and her right seems to be a very clear one."

Moreover, "in accordance with the general rule that an election once made in one jurisdiction, particularly where made at the domicil, is binding and estops the person so electing from inconsistent conduct in other jurisdictions, the necessity for election under the law of the *situs,* as well as other matters pertaining to election, may be obviated by a previous election or renunciation at the domicil." 11 Amer. Jur., 348, Conflict of Laws, Sec. 58. This principle is in keeping with what is said in the case of *Jones v. Gerock, supra,* and is applicable to factual situation now in hand.

Furthermore, the dissent filed by the widow in the probate court of Richland County in the State of South Carolina, the domicile of the testator, wherein the will is proven and probated, establishes the extent of the effectiveness of the provisions of the will, in so far as the widow is concerned. The dissent became a part of the proceedings in respect to the will. An authenticated copy of the will to be allowed, filed and recorded in Alamance County, North Carolina, under the provisions of G. S., 31-27, pertaining to recording of certified copies of will of non-residents, should include as a muniment of title, the proceedings in dissent as same appear of record in the probate court of Richland County, South Carolina. Such copy duly authenticated may be now made and allowed, filed and recorded in said Alamance County, *nunc pro tunc,* and will relate back to date of filing the authenticated copy of the will in said county, provided no rights of third parties have intervened. *Scott*

*v. Lumber Co.,* 144 N. C., 44, 56 S. E., 548; *Vaught v. Williams,* 177 N. C., 77, 97 S. E., 737.

In the light of the foregoing principles applied to facts in hand in relation to point raised by the appeal, the judgment below is

Affirmed.