HELEN MYRTLE HAWLEY McCALLUM CANNON, EXECUTRIX OF THE
ESTATE OF JAMES CANNON, JR., DECEASED, v. EDWARD L. CANNON.

(Filed 19 November, 1947.)

**1. Executors and Administrators § 9—**

Where a note payable to decedent matures before his death, an action for the collection of such note must be instituted by the representative of the estate in his representative capacity. G. S., 28-176.

**2. Same—**

A foreign executrix cannot maintain an action in the courts of this State against a debtor of the estate residing here to recover on the debt, even though the debt be evidenced by a note, maturing prior to testator's death, payable to testator in the state of his residence and of the appointment of the executrix.

**3. Same—**

A debt is an asset where the debtor resides even though a note has been given therefor, without regard to the place where the note is held or where it is payable, and therefore the debt constitutes a sufficient asset upon which to base a proceeding for the appointment of an ancillary administrator in the state of the debtor's residence.

APPEAL by defendant from *Carr, J.*, at June Term, 1947, of WAKE.

Civil action instituted by the plaintiff in her representative capacity as Executrix of the last will and testament of James Cannon, Jr., deceased, to recover upon a negotiable note executed by the defendant and made payable to James Cannon, Jr., in the State of Virginia, which note fell due prior to the death of plaintiff's testator. Plaintiff is the duly qualified and acting Executrix of the estate of James Cannon, Jr., having qualified in the Probate Court of the State of Virginia, in the City of Richmond.

The defendant demurred to the plaintiff's complaint on the ground that a foreign executrix does not have the legal capacity to maintain an action in North Carolina.

From an order overruling the demurrer, the defendant appeals, assigning error.

*R. O. Everett and Kathrine R. Everett for plaintiff.*
*Joseph B. Cheshire, Jr., for defendant.*

DENNY, J. The only question presented is whether or not the court below committed error in overruling defendant's demurrer. We think it should have been sustained.

It is provided in G. S., 28-176: That "All actions and proceedings brought by or against executors, administrators or collectors, upon any

cause of action or right to which the estate is the real party in interest, must be brought by or against them in their representative capacity." But we have no statutory authority which authorizes a foreign executor or administrator to come into our courts and prosecute or defend an action in his representative capacity. *Bank v. Pancake,* 172 N. C., 513, 90 S. E., 515; *Glascock v. Gray,* 148 N. C., 346, 62 S. E., 433; *Scott v. Lumber Co.,* 144 N. C., 44, 56 S. E., 548. Ordinarily when an estate administered in a probate court of another State, and a debtor of such estate resides in this jurisdiction, an action for the collection of such debt cannot be maintained in our courts except by a duly appointed ancillary administrator of such estate. *Bank v. Pancake, supra.* The case of *Stephens's Ex'rs. v. Smart's Ex'rs.,* 4 N. C., 83, cited by the appellee, has not been followed, and *Beckham, Ex'rs. v. Wittkowski,* 64 N. C., 465, also relied upon by the appellee, involved a different factual situation.

It has been held that a foreign representative may maintain an action on a bill or note belonging to his decedent's estate, where such representative has the right to sue for the collection of such bill or note in his individual capacity. 34 C. J. S., 1259. However, there seems to be no exception to the rule, that where a note was made payable to the decedent and matured before his death, as in the instant case, an action for the collection of such note must be instituted by the representative of the estate in his or her representative capacity. And in the absence of statutory authority, an administrator or executor cannot maintain an action in his representative capacity in the courts of any State other than the one from which he derived his appointment. 108 A. L. R. Anno., 1282; 34 C. J. S., 1259; 21 Am. Jur., 857; McIntosh N. C. Practice & Procedure, 234; Restatement of the Conflict of Laws, Chap. 11, Sec. 507; Woerner on American Law of Administration, Vol. 1, 558; Schouler on Wills, Executors and Administrators, Vol. IV, Sec. 3501. "A foreign executor or administrator cannot sue in this State, although we have one old case to the contrary" (citing *Stephens's Ex'rs. v. Smart's Ex'rs., supra*); Mordecai's Law Lectures, Chap. 36, p. 1194.

Even so, a simple debt due a decedent's estate, which is being administered in a foreign jurisdiction, constitutes a sufficient asset upon which to base a proceeding for the appointment of an ancillary administrator. *In re Warburg's Estate,* 223 N. Y. S., 780; *Hensley v. Rich,* 191 Ind., 294, 132 N. E., 632; *Vogel v. New York Life Ins. Co.,* 55 F. (2), 205. The debt is an asset where the debtor resides, even though a note has been given therefor, without regard to the place where the note is held or where it is payable. *Wyman v. United States,* 109 U. S., 654, 27 Law Ed., 1069.

The demurrer should have been sustained, and the ruling of the court below is

Reversed.