HERBERT D. BRAUFF, (DECEASED), MRS. H. D. BRAUFF, EXECUTRIX, PETITIONER v. THE COMMISSIONER OF REVENUE OF THE STATE OF NORTH CAROLINA, IN THE MATTER OF THE ASSESSMENT OF TAXES BY THE STATE OF NORTH CAROLINA FOR THE INCOME YEAR 1953.

(Filed 16 December, 1959.)

1. **Taxation § 29—**

Before an assessment of additional income tax by the Commissioner of Revenue can become final it is required that notice be given to the taxpayer and that he have an opportunity to be heard on the validity of the additional assessment.

2. **Administrative Laws § 3—**

While administrative bodies are not required to adhere strictly to procedural rules, they cannot make a ruling adversely affecting the rights of a particular person without affording such person notice and an opportunity to be heard as required by due process of law.

**3. Taxation § 29—**

The Commissioner of Revenue was a party to proceedings in which letters testamentary to the nonresident widow of the deceased taxpayer were revoked and an ancillary administrator c.t.a. was appointed. Thereafter notice of additional assessment of income tax for a particular year against the estate was sent to the widow as executrix. *Held:* The Commissioner of Revenue was charged with notice that the widow had no authority to act for the estate in North Carolina and, therefore, the notice to the widow is insufficient to support the additional assessment against the estate.

**4. Executors and Administrators § 3—**

A foreign executor or administrator has no authority to act for the estate in North Carolina, but all actions and proceedings must be brought against and can be defended only by an ancillary administrator appointed here.

APPEAL by petitioner from *Williams, J.,* April, 1959 Second Regular Term, WAKE Superior Court.

This proceeding originated before the State Department of Revenue upon the following:

"NOTICE OF TAX ASSESSMENT

DATE   March 13, 1957

"To   Mr. Herbert D. Brauff (Deceased)—

Mrs. H. D. Brauff, Exetrx.

"Address:   Wilson, N. C.

"You are hereby notified that an assessment for income tax and interest is made against you as of this date in the amount indicated below as result of examination of your income tax return filed for the following year:

| YEAR | AMOUNT |
|------|--------|
| 1953 | $1178.09 |

"This assessment is made pursuant to Section 105-241.1 of the General Statutes of North Carolina, which provides in part as follows:

" 'Any taxpayer feeling aggrieved by such assessment shall be entitled to a hearing before the Commissioner of Revenue upon making application therefor in writing within thirty days after the receipt of notice of assessment. If no application for a hearing is made within thirty days after notice of assessment is given, the assessment shall be final and conclusive.'

EUGENE G. SHAW, COMMISSIONER

By:   W. H. Griffin, Director

Individual Income Tax Division."

The foregoing notice was addressed to the petitioner, Wilson, North

Carolina, and was forwarded to her at her home address in Pennsylvania. She received it in due course of the mails.

To this notice the petitioner, through her attorney, made the following reply:

"Dear Sir:

"Mrs. Laura E. Brauff, Executrix of the Estate of Herbert D. Brauff in the Commonwealth of Pennsylvania, has received from you a Notice of Tax Assessment in the sum of $1,178.09, for additional Income Tax for the year 1953.

"A hearing is requested for the sole purpose of making this special appearance, expressly reserving all other rights under North Carolina General Statutes Section 105-160 pending disposition of this motion.

"The executrix above named, appearing specially through her attorney in the above entitled action for the purpose of this motion, and for no other purpose, moves that the attempted service of notice of tax assessment on this defendant be set aside, and the assessment abated, on the following grounds:

"The defendant is not the executrix of the Estate of Herbert D. Brauff in the State of North Carolina, North Carolina Letters Testamentary having been revoked on February 8, 1957, in the Superior Court of Wilson County before the Clerk, at which time Robert M. Wiley was appointed as Ancillary Administrator C. T.A. under the will of Herbert D. Brauff, deceased. At the time of revocation of the Letters Testamentary, this Notice of Assessment was not pending so as to invoke the provisions of North Carolina General Statutes, Section 28-181. Under the provisions of G.S. 28-176 the defendant executrix in the Commonwealth of Pennsylvania was not the proper party against whom the assessment should be made. (*Cannon v. Cannon*, 228 N.C. 211)."

Within the time permitted (30 days) the petitioner entered, or attempted to enter, a special appearance before the Commissioner and moved to vacate the notice and the proposed tax assessment upon the grounds she was not the proper party to receive the notice and represent the estate. She had been removed as executrix in North Carolina. Mr. Robert M. Wiley was the duly appointed and acting ancillary administrator.

The parties stipulated:

"1. An order signed by the Clerk of Superior Court of Wilson County on April 26, 1956, allowing Eugene G. Shaw, Commissioner of Revenue of the State of North Carolina 'to intervene in (the) proceeding and to file such petitions or motions . . . as he may be advised.'"

"2. An order signed by the Clerk of Superior Court in Wilson County on February 8, 1957, revoking letters testamentary to Laura S. Brauff, and appointing Robert M. Wiley an ancillary administrator c.t.a. of the estate of H. D. Brauff."

The Commissioner held the notice of assessment to Mrs. Brauff, the petitioner, was in accordance with the provisions of G.S. 105-241.1 and refused to dismiss or vacate the notice or abate the assessment. On appeal, the Tax Review Board affirmed the decision of the Commissioner. Upon petition for review, the cause was heard in the Superior Court of Wake County before Judge Williams who entered judgment dismissing the appeal at the cost of the petitioner. To this judgment she excepted and appealed.

*John Webb, Frank P. Meadows, Jr., for petitioner, appellant.*

*Malcolm B. Seawell, Attorney General, Lucius W. Pullen, Assistant Attorney General for the State.*

HIGGINS, J.  The record discloses that Herbert D. Brauff died in Richmond, Virginia, on June 15, 1955. His will was executed in Wilson County on April 9, 1953. Laura Brauff, wife of the testator, a resident of Vandergrift, Pennsylvania, was named executrix. A controversy arose as to whether the testator was a resident of North Carolina or of Pennsylvania. He owned extensive property in both states. The executrix probated the will in, and received letters testamentary from the probate court in Vandergrift, Pennsylvania. On July 6, 1956, Mrs. Brauff obtained letters testamentary from the Clerk Superior Court in Wilson County and executed a bond for the faithful discharge of her duties.

At the time of appointment Mrs. Brauff did not designate a process agent in North Carolina as required by G.S. 28-186. For failure to appoint a process agent and to file an inventory in Wilson County, the Clerk Superior Court, by proper citation, directed Mrs. Brauff to appear and show cause why her letters testamentary in North Carolina should not be revoked. On April 26, 1956, Revenue Commissioner Eugene Shaw intervened and made himself a party to the removal proceeding. On February 8, 1957, the Clerk Superior Court of Wilson County entered an order revoking the letters testamentary theretofore issued to Mrs. Laura Brauff and appointed Robert M. Wiley ancillary administrator c.t.a. of the Brauff estate. The Revenue Commissioner of North Carolina, therefore, having intervened and made himself a party to the proceeding in which Mrs. Brauff was removed and Mr. Wiley was appointed administrator c.t.a., was charged with notice that Mrs. Brauff had no power to act further for the estate in

North Carolina, and that Mr. Wiley, the ancillary administrator, alone was authorized to represent the estate here. The Commissioner's assessment notice should have been sent to him.

The record recites: "Pursuant to the provisions of G.S. 105-241.1 an assessment of additional income taxes and interest was made against Herbert D. Brauff, deceased, on April 2, 1957, and on that date a notice thereof was transmitted to Robert M. Wiley, Administrator c.t.a. of the Estate of said decedent." At no time has Robert M. Wiley, Administrator c.t.a., been a party to this proceeding. We are not, therefore, called upon to determine the effect of notice, if any, to him. Mrs. Laura Brauff, executrix, and the Commissioner of Revenue are the only parties to this proceeding or to this appeal.

A tax assessment of the type here involved is a somewhat summary proceeding. However, before an assessment becomes final, notice is required to the end that the taxpayer may have opportunity to be heard on the validity of the assessment. While administrative bodies are not required to adhere strictly to procedural rules, nevertheless those whose rights are adversely affected are entitled to insist on compliance with the requirement of due process of law. *Shields v. Utah Idaho Central R.R.*, 305 U.S. 177; *Interstate Commerce Comm. v. L & N R.R.*, 227 U.S. 88. See the many cases there cited. Due process requires notice.

The Commissioner of Revenue sought to levy additional income taxes against the estate of Herbert D. Brauff, deceased. It was his duty to give the notice required to someone clothed with authority to represent the estate and to contest the validity of the proposed assessment. On March 13, 1957, the petitioner was without authority to represent the Brauff Estate in North Carolina.

G.S. 28-176 provides: "All actions and proceedings brought by or against executors, administrators or collectors upon any cause of action or right to which the estate is the real party in interest, must be brought by or against them in their representative capacity." In construing the statute this Court, in the case of *Cannon v. Cannon*. 228 N.C. 211, 45 S.E. 2d 34, held: "But we have no statutory authority which authorizes a foreign executor or administrator to come into our courts and prosecute or defend an action in his representative capacity. . . . Ordinarily when an estate administered in a probate court of another State . . . action . . . cannot be maintained in our courts except by . . . ancillary administrator of such estate . . ." The *Cannon* case involves "an action in court." However, the statute embraces "proceedings" upon a cause of action or "right." In such proceeding the foreign executrix, Mrs. Brauff, could not defend. Mr. Wiley, the ancillary administrator, alone could defend. In such case

the law required notice to Mr. Wiley. Under the circumstances, the notice to Mrs. Brauff, Executrix, given by the North Carolina Commissioner of Revenue by letter dated March 13, 1957, was insufficient notice to the estate upon which to predicate the assessment of income taxes for the year 1953.

In the view we take of this proceeding, it is immaterial whether the petitioner could enter a special appearance before the Commissioner, the Tax Review Board, or the Superior Court. As a foreign executrix acting under the Probate Court of Pennsylvania she had no right or authority to act for the estate in North Carolina. *Cannon v. Cannon, supra.*

The North Carolina Revenue Commissioner in the first instance, the Tax Review Board, and the Superior Court of Wake County successively, were in error in holding that notice to the petitioner was sufficient to support the assessment.

The judgment of the Superior Court of Wake County is

Reversed.