LISTON B. FRANKLIN v. STANDARD CELLULOSE PRODUCTS, INC., UNIVERSAL TRUCKING LEASING, INC., AND WILLIS S. GOGGANS, ADMINISTRATOR OF THE ESTATE OF CLARENCE WILLIS GOGGANS, DECEASED.

(Filed 15 April, 1964.)

**Process § 15—**

The 1953 Amendment to G.S. 1-105 authorizes service of process on and the maintenance of an action against a foreign administrator of a nonresident driver fatally injured in a collision in this State to recover for the alleged negligent operation of the vehicle by the nonresident.

HIGGINS, J., dissenting.

APPEAL by defendant administrator from *Phillips, E.J.,* November 1963 Session of RICHMOND.

This action grows out of a collision of two tractor-trailers. The collision occurred February 21, 1962, in Lee County, North Carolina, on U. S. Highway No. 1. One tractor-trailer (southbound) was operated by plaintiff. The other (northbound) was operated by Clarence Willis Goggans, referred to hereafter as Goggans. The collision caused plaintiff's injury and Goggans' death.

On November 13, 1962, plaintiff instituted this action against the corporate defendants to recover damages for personal injuries. He alleged, in substance, that the collision and his injuries were proximately caused by the negligence of Goggans and that Goggans was operating the northbound tractor-trailer as agent for the corporate defendants.

Goggans died intestate on or about February 21, 1962, in Lee County. He was a resident of Lamar County, Georgia. On May 6, 1963, in

Lamar County, Georgia, Willis S. Goggans, referred to hereafter as appellant, was duly appointed and qualified as administrator of the estate of Goggans and is now acting in that capacity.

At May Session, 1963, an order was entered making appellant a party defendant and allowing plaintiff to file an amended complaint. Plaintiff filed amended complaint and caused summons for appellant to be issued to the Sheriff of Wake County. This summons and the amended complaint were served on the Commissioner of Motor Vehicles, who forwarded them to appellant, all in strict compliance with the procedural requirements of G.S. 1-105.

On July 17, 1963, appellant moved that the court "dismiss the amended complaint or in lieu thereof . . . quash the return of service of summons . . ." The court, being of opinion "that the 1953 Amendment to G.S. 1-105 subjects non-resident personal representatives of non-resident motorists to suit in North Carolina in actions arising out of the operation by non-resident motorists, since deceased, of automobiles upon the highways of this State and to service of process in such actions as provided in G.S. 1-105," held that "the defendant administrator" had been properly served with summons in this action and had the legal capacity to be sued herein and denied appellant's motion. Appellant excepted and appealed.

*Pittman, Pittman & Pittman for plaintiff appellee.*
*Dupree, Weaver, Horton & Cockman for defendant administrator appellant.*

BOBBITT, J. Appellant contends "he is not a party against whom such an action may be prosecuted in the State of North Carolina and is not subject to service of process under G.S. 1-105" and therefore the action as to him should be dismissed for lack of jurisdiction. He cites G.S. 28-176 and *Cannon v. Cannon,* 228 N.C. 211, 45 S.E. 2d 34, as authority for the proposition that an action may not be prosecuted in this State against a foreign administrator.

G.S. 28-176 provides that "(a)ll actions and proceedings brought by or against executors, administrators or collectors, upon any cause of action or right to which the estate is the real party in interest, must be brought by or against them in their representative capacity."

In plaintiff's alleged cause of action against appellant, the estate of Goggans is the real party in interest. G.S. 28-176 requires that such an action against the administrator of Goggans be brought against him in his representative capacity. However, this statute *is silent* as to any distinction between a resident and a foreign personal representative.

In *Cannon*, Denny, J. (now C.J.), after quoting G.S. 28-176, indicates the basis of decision in these words: "But we have no statutory authority which authorizes a foreign executor or administrator to come into our courts and prosecute or defend an action in his representative capacity." See *Brauff v. Commissioner of Revenue*, 251 N.C. 452, 456, 111 S.E. 2d 620.

The question for decision on this appeal is whether G.S. 1-105 as amended in 1953 authorizes plaintiff's action against appellant and service of process in the manner prescribed therein.

Prior to the 1953 amendment, the statute (Chapter 75, Public Laws of 1929, later codified as G.S. 1-105) made no provision for service of process upon the executor, administrator or personal representative of the nonresident motorist, who, if living, might have been served. Hence, this Court held in *Dowling v. Winters*, 208 N.C. 521, 181 S.E. 751, decided in 1935, that service on the nonresident executor of a nonresident decedent was invalid and did not confer jurisdiction. As early as 1936, an amendment to the 1929 Act so as "to make it apply to executors and administrators of deceased nonresident motorists" was advocated. 14 N.C.L.R. 368 *et seq.*

G.S. 1-105, as codified in the 1963 Cumulative Supplement to G.S. Vol. 1A, recompiled, in pertinent part provides:

"§ 1-105. Service upon nonresident drivers of motor vehicles *and upon the personal representatives of deceased nonresident drivers of motor vehicles.* — The acceptance by a nonresident of the rights and privileges conferred by the laws now or hereafter in force in this State permitting the operation of motor vehicles, as evidenced by the operation of a motor vehicle by such nonresident on the public highways of this State, or at any other place in this State, or the operation by such nonresident of a motor vehicle on the public highways of this State or at any other place in this State, other than as so permitted or regulated, shall be deemed equivalent to the appointment by such nonresident of the Commissioner of Motor Vehicles, or his successor in office, to be his true and lawful attorney *and the attorney of his executor or administrator*, upon whom may be served all summonses or other lawful process in any action or proceeding against him *or his executor or administrator*, growing out of any accident or collision in which said nonresident may be involved by reason of the operation by him, for him, or under his control or direction, express or implied, of a motor vehicle on such public highways of this State, or at any other place in this State, and said acceptance or operation shall be a signification of his agreement that any such process against him *or his executor or ad-*

*ministrator* shall be of the same legal force and validity as if served on him personally, *or on his executor or administrator.*

"Service of such process shall be made in the following manner:

"(1) . . .

"(2) . . .

"(3) . . .

*"Provided, that where the nonresident motorist has died prior to the commencement of an action brought pursuant to this section, service of process shall be made on the executor or administrator of such nonresident motorist in the same manner and on the same notice as if (sic) provided in the case of a nonresident motorist.* (Our italics).

"The court in which the action is pending shall order such continuance as may be necessary to afford the defendant reasonable opportunity to defend the action."

G.S. 1-105, as appeared in the 1951 Cumulative Supplement to G.S. Vol. 1, was amended and rewritten by Chapter 796, Session Laws of 1953, so as to insert and include therein the italicized words in the portion quoted above. The 1953 Act is entitled "AN ACT TO PROVIDE FOR SERVICE UPON NONRESIDENT DRIVERS OF MOTOR VEHICLES AND UPON THE PERSONAL REPRESENTATIVES OF DECEASED NONRESIDENT DRIVERS OF MOTOR VEHICLES."

In accord with the views expressed in the order of Judge Phillips, we are of opinion and hold that G.S. 1-105 as amended in 1953 authorizes plaintiff's action against appellant and service of process in the manner prescribed therein. Except for changes in respect of *the manner of service,* it seems clear that the authorization of such an action and service of process therein was the only purpose and significant effect of the 1953 amendment. See 31 N.C.L.R. 395 *et seq.* An action authorized by G.S. 1-105 as amended in 1953 is an exception to the general rule stated in *Cannon v. Cannon, supra.*

It is noted that appellant makes no contention that any provision of G.S. 1-105 is unconstitutional.

Affirmed.

HIGGINS, J. dissenting: I agree with so much of the Court's opinion as holds a nonresident motor vehicle driver by using the public highways of North Carolina thereby constitutes the Commissioner of Motor Vehicles *a process agent for himself and his personal representative.* The statute relates solely to service of process. It does not create or en-

large any cause of action. It does not modify or remove any defense. Neither a cause of action nor a defense is determined by the method by which the parties come into court. It is immaterial whether they come by personal service, service by publication, or by service on a process agent. The legal rights of all parties in either instance are determined by the showing they make, or fail to make, in court. I do not agree, therefore, that the Legislature intended to authorize an executor or administrator appointed by a foreign probate court to sue or be sued in his representative capacity here merely because his testator or intestate in his lifetime drove a motor vehicle over North Carolina highways, thereby appointing the Motor Vehicles Commissioner his process agent. "It is provided in G.S. 28-176: That 'All actions and proceedings brought by or against executors, administrators or collectors, upon any cause of action or right to which the estate is the real party in interest, must be brought by or against them in their representative capacity.' But we have no statutory authority which authorizes a foreign executor or administrator to come into our courts and prosecute or defend an action in his representative capacity. *Bank v. Pancake,* 172 N.C. 513, 90 S.E. 515; *Glascock v. Gray,* 148 N.C. 346, 62 S.E. 433; *Scott v. Lumber Co.,* 144 N.C. 44, 56 S.E. 548 . . . And in the absence of statutory authority, an administrator or executor cannot maintain an action in his representative capacity in the courts of any State other than the one from which he derived his appointment. 108 A.L.R., Anno. 1282; 34 C.J.S. 1259; 21 Am. Jur., 857; McIntosh, N.C. Practice and Procedure, 234; Restatement of the Conflict of Laws, Ch. 11, § 507; Woerner on American Law of Administration, Vol. 1, 558; Schouler on Wills, Executors and Administrators, Vol. IV, § 3501." *Cannon v. Cannon,* 228 N.C. 211, 45 S.E. 2d 34.

A foreign representative brought in to defend must necessarily have the right to counterclaim. Thus the vicarious method of service on the Commissioner of Motor Vehicles permits the parties to litigate in a manner not open to them otherwise. Surely such can not be sound law.