## IN RE WILL OF H. D. BRAUFF

(Filed 6 November, 1957)

1. **Executors and Administrators § 2d—**

   Where a will has been probated in another state, the clerk of the superior court of a county of this State has jurisdiction, upon his finding that decedent was seized of property in the clerk's county, to grant letters testamentary to an ancillary administrator c.t.a. G.S. 28-1.

2. **Executors and Administrators § 3—**

   Where a will is probated in another state and the executrix under the will qualifies in such other state, and the clerk of the superior court of a county of this State in which property of the decedent is situate, issues letters testamentary to her upon her application here, without the appointment of a resident process agent as required by G.S. 28-186, the subsequent failure and refusal of the executrix to appoint a process agent in compliance with subsequent order of the clerk is sufficient ground for the revocation of the letters issued here. G.S. 28-32.

APPEAL by movant, Laura E. Brauff, from *Bone, J.,* Resident Judge of the Seventh Judicial District, in Chambers at NASH-VILLE, 31 May, 1957. From WILSON.

*John Webb and R. H. Morrish for Movant, appellant.*

*Battle, Winslow & Merrell for Mrs. Gertrude H. Russell and Robert M. Wiley, Ancillary Administrator c.t.a., appellees.*

*Attorney General Patton and Assistant Attorney General Abbott for Eugene G. Shaw and his successor, as Commissioner of Revenue of North Carolina, appellee.*

JOHNSON, J. This is an appeal from an order of Judge Bone affirming an order of the Clerk of the Superior Court of Wilson County in a probate proceeding. On 8 February, 1957, the Clerk entered an order removing Laura E. Brauff as executrix of the estate of Herbert D. Brauff and appointing Robert M. Wiley administrator c.t.a. Thereafter Laura E. Brauff moved the Clerk to vacate the order and revoke the letters testamentary issued to Wiley.

These are the essential background facts: Herbert D. Brauff died on 15 June, 1955, seized of property, tangible and intangible, in Wilson County and elsewhere in North Carolina. He left a will describing himself as a resident of Wilson County, which was probated in Westmoreland County, Pennsylvania. By his will the testator bequeathed to Mrs. Gertrude H. Russell a general legacy of $25,000, and by codicil he bequeathed to her

as a specific legacy his stock in the Atlantic Building & Loan Association of Wilson, with face value of $10,000.

Laura E. Brauff qualified in Pennsylvania as executrix under the will of Herbert D. Brauff, but did not probate the will or qualify in North Carolina. After her appointment as executrix in the State of Pennsylvania, she cashed the $10,000 certificate of stock in the Atlantic Building & Loan Association and removed the proceeds from the State of North Carolina.

Mrs. Gertrude H. Russell employed F. E. Winslow of Rocky Mount, North Carolina, to represent her in collecting her legacies. Her attorney, after learning of the sale of the Building & Loan stock and the removal of the proceeds from the State, received information that the executrix was planning to sell the testator's stock in the Wilson Press, Inc., and in the Washington Daily News, Inc., and remove all the testator's property from the State. Counsel for Mrs. Russell also was advised by Pennsylvania counsel for the executrix that she would contest the validity of the bequest in the codicil of the $10,000 stock in the Building & Loan Association. Thereupon counsel for Mrs. Russell moved before the Clerk of the Superior Court of Wilson County that an authenticated copy of the will be probated in Wilson County and that a personal representative c.t.a. be appointed. (G.S. 31-22; 31-27). Pending the hearing on the motion, the Clerk, in order to preserve the property *pendente lite* (G.S. 28-25), appointed Robert M. Wiley collector of the estate of the testator and fixed his bond at $115,500, the bond premium paid by the collector being $520.

Mrs. Russell's motion came on for hearing, after postponement at the request of Laura E. Brauff, and was heard in the courthouse at Wilson on 27 April, 1956. Mrs. Brauff, executrix, appeared by her attorney. On petition of the Attorney General, Eugene G. Shaw, Commissioner of Revenue of North Carolina, was permitted to intervene on the side of the applicant. Upon the testimony of Mrs. Elizabeth G. Swindell and other evidence offered at the hearing, it was found as a fact by the Clerk that Herbert D. Brauff died "seized of property tangible and intangible in Wilson County, North Carolina, and elsewhere in North Carolina, worth in excess of $167,500; that all of said property has been removed from the State of North Carolina except property worth $38,000, and that no property has come into the hands of the Collector, and that this Court has jurisdiction to order the probate of the will of H. D. Brauff in this County, and appoint a personal representative to administer the assets of the estate in this State." The $38,000 of property remaining in North Carolina consisted of a valid claim against the Wilson

Press, Inc., of Wilson, for $31,000, not due until 1961, and $7,500 insurance money held by Jefferson Standard Life Insurance Company, of Greensboro, N. C.

An order was entered, dated 27 April, 1956, admitting a duly authenticated copy of the will to probate and continuing the appointment of Robert M. Wiley as collector until a personal representative could be appointed. To this order Laura E. Brauff, executrix, noted an objection, but no appeal was taken therefrom. A duly authenticated copy of the will, including codicil and probate proceedings as probated in Westmoreland County, Pennsylvania, was recorded in the office of the Clerk of the Superior Court of Wilson County.

Thereafter, and on or about 6 July, 1956, Mrs. Brauff appeared in the courthouse at Wilson and applied for letters testamentary under the will and filed a bond in the sum of $47,500, with corporate surety, and letters testamentary were issued to her. By inadvertence, the Clerk neglected to require, prior to the issuance of the letters, the appointment of a resident process agent for the executrix in Wilson County, as required by G.S. 28-186.

On or about 18 July, 1956, Robert M. Wiley, collector, filed with the Clerk his final account as required by G.S. 28-28, showing that he gave notice of his appointment to the three corporations in North Carolina in which the estate owned stock, and had attempted to collect $7,500 from the Jefferson Standard Life Insurance Company, which the insurance company thereafter paid to Laura E. Brauff as North Carolina executrix, under her North Carolina bond; that no funds had come into his hands; that he had made cash expenditures of $564.67; that his services were reasonably worth $100 and that the services of his attorney in the probate proceeding were reasonably worth $250; and requesting that his account be approved and paid by the North Carolina executrix as proper costs of administration. The collector's account was examined and found to be correct by the Clerk, and the allowances requested were approved.

Mrs. Laura E. Brauff, after qualifying as executrix in North Carolina, paid to Mrs. Gertrude H. Russell, through her attorney, both legacies bequeathed in the will, totaling $35,000. However, she has failed to file inventory or account or any other document in the Superior Court of Wilson County. She has ignored the court and has failed to pay the costs of the proceeding, including items totaling $914.76 shown in the final account of the collector.

After the lapse of several months, the collector upon inquiry of the Clerk discovered that no resident process agent had been

appointed. Local counsel for Mrs. Brauff was requested to have one appointed. None was appointed. On suggestion of the collector, the Clerk issued an order directing Mrs. Brauff to show cause on 8 February, 1957, why her letters testamentary should not be revoked and a proper personal representative appointed in her place. At that time there was property of the estate of Herbert D. Brauff in North Carolina, to wit, $31,000 debt of the Wilson Press, Inc., not due until 1961. All other property of the testator had been removed from the State by Mrs. Brauff, executrix. The cause came on for hearing on the order to show cause and was heard before the Clerk on 8 February, 1957. Mrs. Brauff, executrix, appeared by her attorneys. The court found facts substantially as recited above, and entered an order: (1) decreeing that the letters testamentary issued to Laura E. Brauff be revoked and that Robert M. Wiley be appointed ancillary administrator c.t.a., and (2) directing that the allowances due Wiley, collector, and the costs of the proceeding be paid by the ancillary administrator out of any assets coming into his hands, and, if none, then that Mrs. Brauff, executrix, and the surety on her bond be required to pay them. To the entry of this order, Laura E. Brauff noted an exception and gave notice of appeal. The appeal was set to be heard before Judge Bone, Resident Judge, on 30 March, 1957. However, Mrs. Brauff abandoned the appeal, and on 28 March, 1957, so notified the Judge and counsel for the other side. On or about 10 April, 1957, Laura E. Brauff, through counsel moved the Clerk to vacate the order of 8 February, 1957, and revoke the appointment of Robert M. Wiley as ancillary administrator c.t.a., on the ground that "There has been no finding of fact in the order of the Clerk, dated February 8, 1957, that would give the Clerk jurisdiction to grant letters of administration of the will of Herbert D. Brauff." The motion was heard on 3 May, 1957. Mrs. Brauff introduced no new evidence, but upon the record presented her motion. It was resisted by counsel for Wiley, administrator, and by counsel for Eugene G. Shaw, Commissioner of Revenue of North Carolina, intervenor under order of 27 April, 1956. These, in substance, are the facts found by the Clerk: that the motion presents the same question which was presented by Mrs. Brauff at the hearing on 27 April, 1956, and at the hearing on 8 February, 1957. She objected to the order of April 27, 1956, that the will of Herbert D. Brauff be probated in Wilson County, North Carolina, and that a personal representative be appointed in this State, but she did not take any appeal from the order. Thereafter, in pursuance of the order, she appeared on 6 July, 1956, and made application for appointment as executrix under the will and in her application represented that the estate then

owned $38,000 worth of property in North Carolina. Letters testamentary were inadvertently issued without requiring her to appoint a process agent in North Carolina, as required by G.S. 28-186, she being a resident of Pennsylvania. "Thereafter, she was called upon to appoint a process agent and refused to do so, and after due notice on February 8, 1957, she was removed as executrix and Robert M. Wiley was appointed administrator c.t.a. in her place. From that order Mrs. Brauff appealed to the Judge of the Superior Court. The hearing was set for 10:30 a.m. on 30 March, 1957, at Nashville, N. C., before the Hon. Walter J. Bone, Resident Judge of the Superior Court in the Seventh Judicial District. On March 28, 1957, Mrs. Brauff abandoned her appeal, and notified the Judge and Robert M. Wiley's counsel to that effect."

Upon the foregoing findings the Clerk ordered:

"1. That the motion of Mrs. Laura E. Brauff presented this day is irregular and improper, and the Court has no jurisdiction to entertain it as a substitute for her appeal to the Judge of the Superior Court, which she abandoned, and the said motion is dismissed as contrary to the course and practice of the Court.

"2. That if this Court has jurisdiction to entertain said motion, the same is denied."

Laura E. Brauff appealed from the foregoing order to the Judge of the Superior Court. The case came on for hearing and was heard before Judge Bone, Resident Judge, on 31 May, 1957. After hearing arguments of counsel for all parties, Judge Bone entered an order adjudging that the order of the Clerk dated 3 May, 1957, from which appeal was taken, is in all respects affirmed. To the judgment as entered, the movant, Laura E. Brauff, objected and excepted, and gave notice of appeal to the Supreme Court. Her only assignment of error is to the ruling of Judge Bone in affirming the order of the Clerk denying her motion.

Conceding without deciding that on procedural grounds the movant, by abandoning her appeal from the Clerk's order of 8 February, 1957, lost her right to challenge the validity of the order, nevertheless we think the order, when considered on its merits, withstands the appellant's challenge, and we prefer to treat and dispose of the appeal on that level.

The appellant contends that the question for decision is one of jurisdiction. She insists that the Clerk of the Superior Court was and is without jurisdictional power to grant letters testamentary upon the estate of Herbert D. Brauff. She concedes

that the question of jurisdiction is controlled by G.S. 28-1, which in pertinent part is as follows: "The clerk of the superior court of each county has jurisdiction, within his county, . . . to grant . . . letters testamentary . . . in the following cases: . . . 3. Where the decedent, not being domiciled in this State, died out of the State, leaving assets in the county of such clerk, or assets of such decedent thereafter come into the county of such clerk."

The appellant insists that the record here fails to disclose the necessary jurisdictional facts to empower the Clerk to proceed under the foregoing statute. Specifically, she asserts: "There has been no finding of fact in the order of the Clerk, dated February 8, 1957, that would give the Clerk jurisdiction to grant letters of administration on the Will of Herbert D. Brauff." In making this assertion the appellant has overlooked the finding made by the Clerk in his order of 27 April, 1956, that "Herbert D. Brauff died on June 15, 1955, seized of property tangible and intangible in Wilson County, North Carolina, and elsewhere in North Carolina, worth in excess of $167,500; . . . and that this Court has jurisdiction to order the probate of the will of H. D. Brauff in this County, and appoint a personal representative to administer the assets of the estate in this State."

Moreover, the Clerk found substantially the same facts in his order of 8 February, 1957. Also, in this latter order the Clerk finds that at the time it was entered there was property of the estate in North Carolina, to wit: a $31,000 debt of the Wilson Press, Inc., Wilson, N. C., not due until 1961. The record discloses that these findings of the Clerk stand unchallenged by the appellant. They are sufficient to sustain the Clerk's exercise of jurisdiction. See G.S. 31-22; 28-16; 31-27; 28-1 (1); 28-1 (3); 31-13; *Cannon v. Cannon*, 228 N.C. 211, 45 S.E. 2d 34; *In re Administration of Franks*, 220 N.C. 176, 16 S.E. 2d 831; *Shields v. Ins. Co.*, 119 N.C. 380, 25 S.E. 951; *Hyman v. Gaskins*, 27 N.C. 267.

In *Cannon v. Cannon, supra,* it is said: ". . . a simple debt due a decedent's estate, which is being administered in a foreign jurisdiction, constitutes a sufficient asset upon which to base a proceeding for the appointment of an ancillary administrator. (citing authority) The debt is an asset where the debtor resides, even though a note has been given therefor, without regard to the place where the note is held or where it is payable."

It is noted that the court below has made no ruling on the question whether the testator was domiciled in North Carolina or in Pennsylvania. The findings have been limited to facts

sufficient to support ancillary administration, leaving the question of domicile open to be determined in passing upon any claim that may be filed by the State of North Carolina for taxes.

The appellant's failure and refusal to appoint a process agent as required by G.S. 28-186 was sufficient ground under G.S. 28-32 for her removal as executrix. The findings of fact made by the Clerk are adequate to support the order of removal. See *In re Sams' Estate,* 236 N.C. 228, 72 S.E. 2d 421; *In re Pitchi's Estate,* 231 N.C. 485, 57 S.E. 2d 649.

The record supports the order from which the appeal was taken.

Affirmed.