[No. 34195. Department Two. November 21, 1957.]

*In the Matter of the Estate of* EDWARD M. BREESE, *Deceased.*
ABNER E. BREESE *et al., Appellants,* v. JACK L. BURTCH, *as
Administrator, et al., Respondents.*[1]

[1]Reported in 317 P. (2d) 1055.

*Burkey, Burkey & Marsico,* for appellants.

*Omar S. Parker, Donn F. Lawwill,* and *John W. Schumacher,* for respondents.

ROSELLINI, J.—Edward M. Breese, a resident of Ohio temporarily stationed at Fort Lewis, Washington, as a private first class in the United States army, was killed in an automobile collision in Grays Harbor county on June 3, 1956. The driver and passengers in the other automobile involved in the collision were injured, and Breese's automobile was demolished. The injured parties joined in petitioning the probate court of Grays Harbor county for the appointment of an administrator for the estate of Edward M. Breese, alleging that they had a cause of action against him for their injuries and that he died leaving estate within the county. There had been a prior petition by another claimant, who had rendered towing service, but that petition is not involved in this appeal.

The alleged estate consisted of the 1953 Ford automobile, which the decedent was driving at the time of the accident, and a right of indemnity under a liability policy issued by the Nationwide Mutual Insurance Company of Columbus, Ohio. However, prior to the filing of this petition, the insurer acquired title to the 1953 Ford when the Ohio administrator (the decedent's father) was paid his claim for damages under the collision coverage afforded by that company. The insurer and the Ohio administrator, who are appellants herein, objecting to the petition for appointment of an administrator in Grays Harbor county, alleged that there was no property of the decedent in Grays Harbor county, upon which administration could be had.

A hearing was held on the petition, and the court concluded that the Ford automobile was no longer property of the decedent within the county but that the protection

afforded him against liability, under the terms of his insurance policy, was property within the county sufficient to give the court jurisdiction to appoint an administrator, against whom suit could be brought by the petitioners. The conclusion that the insurer's liability was property in the county of Grays Harbor was based upon a finding that the insurer was subject to suit in that county (under RCW 48.05.220), having been licensed to do business in the state of Washington, and having appointed the commissioner of insurance to accept service of process.

On appeal, it is urged that the conclusion that the decedent's contingent claim under the policy was an asset in Grays Harbor county was erroneous.

 This court has held that, before an administrator may be appointed for a deceased person who was not a resident of this state at the time of his death, it must be shown that he left property within the jurisdiction of the court upon which administration may be had. *State ex rel. Brisbin v. Frater*, 1 Wn. (2d) 13, 95 P. (2d) 27. A cause of action is an asset sufficient to give the court jurisdiction. *Lund v. Seattle*, 163 Wash. 254, 1 P. (2d) 301; *In re Rowley's Estate*, 178 Wash. 460, 35 P. (2d) 34. While the right of the decedent's personal representative to the benefits of the indemnity clause contained in the policy of insurance will not mature until suit is brought against him, nevertheless, it has a present value to the estate. Property "worthy of notice" is sufficient to give the court jurisdiction in probate. *In re Rowley's Estate, supra.*

The next question is whether this right to indemnity is an asset which exists in Grays Harbor county. The trial court held that it is, because the insurer is subject to suit in that county if the liability matures there.

The insurer admits that it has consented to the service of process on the insurance commissioner in compliance with RCW 48.05.200, which provides in part:

"Each authorized foreign or alien insurer shall appoint the commissioner as its attorney to receive service of, and upon whom shall be served, all legal process issued against it in this state upon causes of action arising within this state.

Service upon the commissioner as attorney shall constitute service upon the insurer. Service of legal process against such insurer can be had only by service upon the commissioner."

■■ But it contends that a suit against it under this policy would not be a suit upon a cause of action "arising in this state." The reasoning which it advances in support of this argument is that a recovery against it by the insured, in the event of a judgment against him, would be a suit upon a contract entered into in another state. It is true that the law of the state in which the contract was formed would govern its enforcement if properly pleaded, but the fact that the contract was formed in another state does not mean that a cause of action for its breach would necessarily arise in that state. If the insurer is obliged to defend suits brought against the insured, and an action is brought against him in this state, a refusal to defend such action would constitute a breach within this jurisdiction. There is no question but that, had the insured lived, the injured parties would have been entitled to sue him in Grays Harbor county, where the accident occurred. Furthermore, if their suit were successful, they would have a right to garnish the insurer. *Finkelberg v. Continental Cas. Co.*, 126 Wash. 543, 219 Pac. 12; *Johnson v. McGilchrist*, 174 Wash. 178, 24 P. (2d) 607; *Holthe v. Iskowitz*, 31 Wn. (2d) 533, 197 P. (2d) 999. The garnishment action, being ancillary to the main action, would be properly laid in Grays Harbor county. *State ex rel. Stewart & Holmes Drug Co. v. Superior Court*, 67 Wash. 321, 121 Pac. 460; *State ex rel. Gamble v. Superior Court*, 190 Wash. 127, 66 P. (2d) 1135.

■ The insurer argues that the liability coverage is not an "asset" in the usual sense, because it is not subject to the claims of the decedent's general creditors and may not be distributed to his heirs. It cites no authority, and we think there is none, for the proposition that property which is subject to the claims of one class of creditors only is not an asset of the estate.

An objection more seriously urged is that the insurer's

potential liability is not an asset located within the jurisdiction of the court; that its situs is at the domicile of the debtor, which is in Ohio, and no other place.

It is pointed out that a corporation can have only one domicile at any given time, though it may be "present" in many places for purposes of doing business and of suing and being sued. Restatement, Conflict of Laws, 65, § 41.

This court held in *In re Rowley's Estate, supra,* that, for the purpose of affording administration, the situs of a cause of action is the domicile of the debtor. It was there contended that the situs of such property is the domicile of the creditor, and the court rejected that theory. The insurer infers, from the language of *In re Rowley's Estate,* that a debt or cause of action can exist in no place other than the domicile of the debtor.

█ The defendant in the *Rowley* case, *supra,* was a bank, which had only one residence for purposes of suit, and the question whether such property can have more than one situs was not raised. Of course, the concept of "situs" is a legal fiction when applied to intangibles, but in order to resolve such questions as the one before us, the courts have found it necessary to assign them situs; but the same intangible may be assigned different siti for different purposes. For example, for the purpose of escheat or of imposing inheritance tax, a debt may be considered to have a situs at the domicile of the creditor, whereas, for the purpose of founding administration and permitting suit on a claim, it may be considered to have a situs at the domicile of the debtor. The latter concept has been extended, in the majority of cases which have considered the question before us; and it has been held that a claim of this sort has a situs wherever the debtor is "present" for purposes of suit.

The logic behind this extension was expressed in the leading case, *Robinson v. Carroll,* 87 N. H. 114, 174 Atl. 772, 94 A. L. R. 1437, 133 A. L. R. 565, in these words:

"For the purposes of ownership, the creditor's domicil is generally regarded determinative of the fictional locality of the debt. But since enforcement may be only where the debtor or his property is found, the debt must be owned by the creditor there as well as owed by the debtor."

Other courts have rejected the argument that an intangible can have only one fictional situs and have adopted the reasoning which appealed to the New Hampshire court in *Robinson v. Carroll, supra.* See *Furst v. Brady*, 375 Ill. 425, 31 N. E. (2d) 606, 133 A. L. R. 558; *Gordon v. Shea*, 300 Mass. 95, 14 N. E. (2d) 105, 133 A. L. R. 565; *In re Vilas' Estate*, 166 Ore. 115, 110 P. (2d) 940, 133 A. L. R. 565; *Liberty v. Kinney*, 242 Ia. 656, 47 N. W. (2d) 835; *In re Fagin's Estate*, 246 Ia. 496, 66 N. W. (2d) 920. The leading case to the contrary is *In re Roche's Estate*, 16 N. J. 579, 109 A. (2d) 655, in which the court took the view that the situs of the liability was the situs of the policy itself. The New Jersey court assigned the domicile of the insured as the situs of the policy, and took a strict view of the concept of residence as applied to a corporation. As we have seen, this court has chosen to regard the situs of a debt as the place where it can be enforced. And the legislature has decreed that an insurance company is "present" in this state, for the purposes of suit, if it has consented to the service of process upon the insurance commissioner, or is doing business within the state.

▮ Justice and convenience are served by the conclusion we reach that a liability, such as the one involved in this case, exists wherever it can be enforced and is therefore an "asset" sufficient to support the appointment of an administrator, even though it is the only asset subject to his administration. The insurer does not deny that had its insured survived, it would have been obliged to defend the action in this state, where the accident occurred and the witnesses and evidence are available, and where the injured parties reside. As a matter of fact, from ought that appears, this is the only jurisdiction in which this contingent asset has any value, it not being shown that the injured parties are afforded a remedy in the courts of Ohio.

We find no error in the conclusion reached by the probate court, and the appointment of the ancillary administrator is affirmed.

HILL, C. J., MALLERY, DONWORTH, and FOSTER, JJ., concur.

February 28, 1958. Petition for rehearing denied.