145 So.2d 725

**H. L. CAMPBELL, Administrator,**

v.

**Leon DAVIS et al.**

**4 Div. 82.**

Supreme Court of Alabama.

Sept. 20, 1962.

Rehearing Denied Oct. 25, 1962.

Robt. B. Albritton, Albrittons & Rankin, Andalusia, for appellant.

Tipler & Fuller, Andalusia, for appellees Leon Davis and Bobby Barlow.

Allen Cook, Andalusia, for appellee Jackie Lewis.

## PER CURIAM.

On the evening of May 22, 1960 an automobile accident occurred in Covington County, Alabama, in which two persons were killed and a third seriously injured. As a result of the accident, three claims have been filed against the estate of Charles Melvin Locke in the Probate Court of Covington County. Actions by and on behalf of Leon Davis and P. P. Lewis, as administrator of the estate of Jackie Lewis, against Locke for the wrongful deaths of Virgil Eugene Davis and Jackie Lewis and by Bobby Barlow for personal injuries re-

ceived in the accident are pending in the Circuit Court of Covington County.

On August 31, 1960 H. L. Campbell filed his petition in the Probate Court of Covington County, Alabama, praying that he be appointed as administrator of the estate of Charles Melvin Locke, deceased. Upon presentation of the petition to the Probate Court an order was entered appointing him as such administrator upon the filing of bond in the penal sum of $200.00 conditioned and payable according to law.

Following his appointment as administrator of the estate of Charles Melvin Locke, deceased, the claims referred to above were filed. On October 3, 1960 the appellant as administrator filed notice of the disallowance of the claims.

On March 28, 1961 appellant as administrator of the estate of Charles Melvin Locke, deceased, filed his verified petition seeking the revocation of the letters of administration previously issued to him. Demurrers were filed to the petition by the various claimants with the result that the court entered a judgment sustaining certain grounds of the demurrers and further ordering and adjudging that appellant's petition be dismissed out of court. This is an appeal from that judgment.

Since the case is here on appeal from the judgment of the Probate Court sustaining demurrers of the claimants to appellant's petition and dismissing the petition the allegations of fact contained in the petition must be treated on appeal as the facts in the case. The allegations of the petition show substantially the following:

Appellant filed his petition seeking administration of the estate of Charles Melvin Locke, deceased, on advices that Charles Melvin Locke at the time of his death was an inhabitant of Covington County, Alabama, that he died in Covington County at or near the town of Lockhart, Alabama, on or about the 22nd day of May 1960, leaving no last will or testament insofar as he knew and that Charles Melvin Locke died seized and possessed of "real and per-

sonal estate in this State consisting chiefly of a few items of personal property, exact amount and items being unknown to Petitioner, and it being unknown as to whether he owned any realty or not", all of said estate being estimated to be worth $100.00 and probably not more; that appellant was requested to file his petition for letters of administration on the estate of the deceased and relying upon such representations he filed the petition and in doing so acted in complete good faith.

Subsequent to appellant's appointment as such administrator he made investigations as to the legal residence of his intestate and the estate, if any, owned by him at the time of his death and located in Covington County, Alabama. He then discovered that his intestate was not a resident of the State of Alabama at the time of his death and had never resided in the State of Alabama, but on the contrary resided with his mother and father in the State of Florida in Okaloosa County and further that his intestate had no personal property or real property whatsoever in the State of Alabama at the time of his death other than items of clothing and personal effects upon him at the time of his death at or near Lockhart, Alabama, at which time appellant's intestate, while a transient in Alabama, was accidently killed in an automobile accident in which another automobile or automobiles were involved.

Since appellant's appointment as administrator of said estate only three claims have been filed against the estate, all of which were for injuries or death arising out of the alleged negligent operation of an automobile which appellant's intestate was allegedly operating at the time and place where he himself was accidently killed.

The petition further shows on information and belief that on the date of the accident appellant's intestate was possessed of the potential or contingent right of exoneration and indemnity under an automobile liability insurance policy which provided among other things that the insurer would pay on behalf of the intestate all

sums which he should become legally obligated to pay as damages because of injury or death sustained or arising out of the operation or use of the automobile specified in the policy.

The said policy of insurance was numbered FAM785151, was issued to Charles Locke, the father of Charles Melvin Locke, deceased, was dated December 30, 1959 and expired December 30, 1960. The policy was issued by Indemnity Insurance Company of North America through Brooks Insurance Company in Crestview, Florida, and was in full force and effect on the date of the accident. The insurance policy was at all times physically located in the State of Florida. The policy among other things provided that no action shall lie against the Company unless, as a condition precedent thereto, the insured shall have fully complied with all terms of this policy; nor until the amount of the insured's obligation to pay shall have been finally determined, either by judgment against the insured after actual trial, or by written agreement of the insured, the claimant and the company.

It is further alleged that there has been no final determination to pay any damages as a result of the injuries or death of the claimants either by judgment against the insurer after actual trial or by written agreement of the insured, the claimant and the insurance company as provided for by the terms of the policy of insurance.

It is further alleged in appellant's petition, upon information and belief, that the said insurer is a Pennsylvania corporation duly admitted to transact business in the State of Alabama as well as in the State of Florida, and was on the date of said accident and was at the time of the filing of the petition, doing business by agent in Covington County, Alabama, as well as in Okaloosa County, Florida; that appellant's intestate at no time had any tangible assets or estate of any kind or any character in the State of Alabama unless the said indemnity policy of insurance could be said to be within the State of Alabama at the time of the death of appellant's intestate and to constitute an asset of his estate; that appellant's intestate had never been liable and was not upon the date of his death, liable in the State of Alabama for any debts, liabilities or obligations unless the said claims against his estate for the alleged wrongful injuries and death constitute claims and make the said claimants or their estates creditors of the estate of appellant's intestate; that no one other than appellant had applied for administration of his intestate's estate in the State of Alabama and that all of the heirs of appellant's intestate are non-residents of the State of Alabama.

Appellant's petition further alleges that if the matters and things alleged therein on information and belief as to his intestate's right of indemnity for exoneration under said insurance policy are correct, that such right of exoneration or indemnity does not constitute an asset of his intestate's estate in Covington County, Alabama, where said decedent died, within the meaning of Section 80, Title 61, Code of Alabama 1940, and neither did it have a situs in Covington County, Alabama, at the time of the death of appellant's intestate or at any time thereafter.

It is further alleged that his petition for letters of administration filed in the Probate Court of Covington County as aforesaid was improvidently made and that the said order appointing him as such administrator was likewise improvidently made and entered in that the Probate Court of Covington County, Alabama, had no jurisdiction in the matter.

From our consideration of the principles involved and the authorities cited to us in the excellent briefs filed by attorneys on both sides of the case we think that the decree of the lower court should be affirmed. So far as we can ascertain, however, the question in Alabama is novel. We state the question for decision as follows:

"Does the right of exoneration and indemnity of a non-resident insured under an automobile insurance policy issued by a company doing business in Covington County, constitute an asset authorizing the grant of an administration of his estate in the county in which he died?"

There is no question of the authority of the probate courts of this state to grant letters of administration in the estates of persons not domiciled in Alabama by virtue of our statute (Section 80, Title 61, Code of 1940). The only requisites to the exercise of the court's authority in making such appointments are:

"(1) That the deceased died in the county in which application for letters is made, and

"(2) That the deceased had 'assets' therein."

From our consideration of the authorities it appears to be the general rule prevailing in this country that a deceased insured's potential right of exoneration under an insurance policy does constitute sufficient "assets", "property" or "estate" of a non-resident decedent to justify a grant of an administration of his estate in the state in which he dies. While the right of the decedent's personal representative to the benefits of the indemnity clause contained in the policy of insurance will not mature until suit is brought against him, nevertheless, it has a present value to the estate. Re Breese's Estate, 51 Wash.2d 302, 317 P.2d 1055; Gordon v. Shea, 300 Mass. 95, 14 N.E.2d 105; Re Vilas' Estate, 166 Or. 115, 110 P.2d 940; Re Klipple's Estate, (Fla.App.) 101 So.2d 924, 67 A.L.R.2d 932; Annotation: "Liability insurer's potential liability to estate dependent upon establishment of claim against estate, as justifying grant of administration under statutes making existence of assets or property a condition of grant", 67 A.L.R. 2d 936.

It is argued by appellant that the right of indemnity could not be an asset because no judgment has been recovered against the estate of Charles Melvin Locke, deceased. We do not believe the situation is altered if the maturity of the right of indemnity is delayed until a judgment is rendered. The insurance coverage still has a present value to the estate. We think that the problem was well answered in the case of Robinson v. Dana's Estate, 87 N.H. 114, 174 A. 772, 94 A.L.R. 1437, 1440 where it was said:

"Although performance of the promise claimed as estate is not yet due and will not be until its conditions are fulfilled, it is an obligation of a contractual nature. It is estate, in the statutory meaning, owned by the decedent when he died. The event had taken place on account of which he was entitled to protection if certain things were done. The claim which was then his is no different, to constitute estate, than an unmatured note. If the promise may not be presently enforced, it has present value. A debt may have value before it becomes due, although it may eventually prove to be a loss. The conditions to which the promise is subject and which bar action on it until their fulfillment do not make it any the less an existing obligation."

We conclude that the judgment of the lower court should be affirmed.

In view of our holding, there is no need of determining whether the personal effects and clothing of the decedent Locke were sufficient "assets" in Covington County to authorize appointment of the administrator in that County.

The foregoing opinion was prepared by STAKELY, Supernumerary Justice of this court, and adopted by the court as its opinion.

Affirmed.

LIVINGSTON, C. J., and GOODWYN, COLEMAN and HARWOOD, JJ., concur.