IN THE MATTER OF PAUL B. EDMUNDSON, JR., ADMINISTRATOR OF THE
ESTATE OF SANDRA LOU WALZ, DECEASED.

(Filed 28 February, 1968.)

1. Executors and Administrators § 2—

The clerk of the Superior Court of the county in which a nonresident
dies leaving assets in this State has authority to appoint an administra-
tor for the decedent. G.S. 28-1(4).

2. Same; Executors and Administrators § 3—

The term "assets" as used in G.S. 1-28(3) and in G.S. 1-28(4) includes
intangibles.

3. Same—

Administrator's potential right of exoneration against the automobile
liability insurer of the decedent is a chose in action and is, therefore, an
intangible asset of the estate.

4. Executors and Administrators § 3—

A policy of automobile liability insurance issued in the name of the de-
ceased by an insurer qualified to do business in this State or otherwise
subject to service of process is an asset within the purview of G.S. 28-1(4)
so as to support the appointment of an ancillary administrator.

5. Trial § 55—

An agreed statement of facts must contain every essential element with-
out omission, and whether the facts stipulated include all facts necessary
to a decision is a question of law for the court.

6. Trial § 56—

Where a case is submitted for decision on stipulated facts, and the facts
contained in the stipulation are insufficient for a determination of the
issues raised by the pleadings, the court should proceed to trial to deter-
mine upon evidence the crucial factual issues not covered by the stipulations.


HUSKINS, J., took no part in the consideration or decision of this case.


APPEAL by Grange Mutual Casualty Company from an order en-
tered July 5, 1967, in chambers, by *Cohoon, J.,* then holding the
courts of the Eighth Judicial District, from WAYNE, docketed and
argued as No. 368 at Fall Term 1967.

Judge Cohoon's judgment affirms an order entered June 5, 1967,
by the clerk of the superior court, which denied the petition of
Grange Mutual Casualty Company (Casualty Company) that Paul
B. Edmundson, Jr., be removed as the administrator of the estate of
Sandra Lou Walz, deceased.

The hearings before the clerk and Judge Cohoon were on the
stipulated facts summarized below.

Sandra Lou Walz (Sandra), a resident of Ohio, died intestate in

Wayne County, North Carolina, on July 16, 1963, as a result of a collision in Goldsboro, Wayne County, between a 1963 Corvair automobile, owned and operated by Sandra, and an automobile operated by Elizabeth G. Kirchner (Kirchner), a resident of Maryland.

On August 12, 1963, in Franklin County, Ohio, Luther Walz was appointed administrator of Sandra's estate. Administration was completed and closed on April 21, 1964, and said administrator was discharged.

On June 15, 1966, John H. Kerr, III, an attorney for Kirchner, filed a petition with the Clerk of the Superior Court of Wayne County, North Carolina, requesting the appointment of an administrator of Sandra's estate "as provided for under the provisions of G.S. Section 28-1, Subsection 4." In brief summary, the petition of Mr. Kerr asserted that Kirchner had a good cause of action against Sandra's estate for personal injuries Kirchner sustained as a result of said collision of July 16, 1963.

On June 23, 1966, Paul B. Edmundson, Jr., applied to said clerk for appointment, and was appointed and duly qualified, as administrator of Sandra's estate. His application sets forth that Sandra's age on July 16, 1963, the date of her death, was twenty-one, and that her father, Luther W. Walz, of Columbus, Ohio, was her only heir. Mr. Edmundson, as administrator, filed an inventory in which he listed as assets as of July 16, 1963, a 1963 Corvair, having an appraised value of one hundred dollars, and a liability insurance policy with Grange Mutual Casualty Company of Columbus, Ohio, "to protect her estate from civil liability."

On July 5, 1966, a civil action entitled *"Elizabeth G. Kirchner vs. Paul B. Edmundson, Jr., Administrator of the Estate of Sandra Lou Walz,"* was instituted in the Superior Court of Wayne County, North Carolina, to recover damages for personal injuries as the result of said collision. The plaintiff alleged said collision and her injuries were proximately caused by the negligence of Sandra. Mr. Edmundson, in his capacity as administrator, was personally served with summons and a copy of the complaint on July 7, 1966, and thereupon gave immediate notice of the pendency of said action to the Casualty Company.

The Casualty Company is an Ohio corporation duly authorized to issue policies of automobile liability insurance. Prior to July 16, 1963, it had issued in the name of Sandra Lou Walz a liability insurance policy insuring her, within the limits specified in said policy, against liability for personal injury and property damage sustained by others arising out of the operation of her 1963 Corvair. This policy was in full force and effect on July 16, 1963.

---

IN RE EDMUNDSON.

---

Mr. Edmundson has never had possession of Sandra's 1963 Corvair; nor has he had possession of the liability insurance policy issued to her by the Casualty Company; nor has he had possession of any other tangible personal property belonging to Sandra's estate. The 1963 Corvair was duly disposed of in the administration of Sandra's estate.

On January 5, 1967, a petition was filed by W. Powell Bland, an attorney for the Casualty Company, in which, after setting forth facts substantially as stated above, he requested that the clerk of the superior court remove Mr. Edmundson as administrator of Sandra's estate.

The clerk denied said petition of removal filed by Mr. Bland. Upon appeal, Judge Cohoon affirmed the clerk's order. The Casualty Company excepted and appealed to this Court.

*W. Powell Bland for petitioner appellant Grange Mutual Casualty Company.*

*Taylor, Allen, Warren & Kerr for respondent appellee Elizabeth G. Kirchner.*

BOBBITT, J. The petition for appointment filed by Mr. Kerr must be considered the petition of Kirchner, his client; and the petition for removal filed by Mr. Bland must be considered the petition of Casualty Company, his client.

The domicile and residence of Sandra were in Ohio. The domiciliary administration there, in which the 1963 Corvair "was duly disposed of," was completed April 21, 1964. The petition for appointment in Wayne County, North Carolina, of an ancillary administrator was filed June 15, 1966.

G.S. 28-1 provides that the clerk of the superior court of each county has jurisdiction, within his county, to grant letters of administration, in cases of intestacy, " (4) Where the decedent, not being domiciled in this State, died in the county of such clerk, *leaving assets in the State,* or assets of such decedent thereafter come into the State." (Our italics.)

The term "assets," as used in G.S. 1-28(3) and in G.S. 1-28(4), includes intangibles. *Cannon v. Cannon,* 228 N.C. 211, 45 S.E. 2d 34; *In re Will of Brauff,* 247 N.C. 92, 100 S.E. 2d 254; *In re Scarborough,* 261 N.C. 565, 135 S.E. 2d 529.

The policy issued by the Casualty Company to Sandra contains provisions requiring the Casualty Company to discharge, within the limits specified therein, Sandra's legal liability for personal injuries and property damages caused by the negligent operation of her car.

Nothing else appearing, we must assume the policy required the Casualty Company to defend at its own expense suits instituted against Sandra to determine and enforce any alleged legal liability growing out of the operation of her car, and that the benefits of the policy accompanied Sandra wherever the car was operated, including her operation thereof in Wayne County, North Carolina. Unquestionably, this policy was an asset of Sandra during her lifetime and an asset of her estate upon her death. *Bank v. Hackney*, 266 N.C. 17, 22, 145 S.E. 2d 352, 357.

The personal injury action Kirchner asserts is transitory. *Alberts v. Alberts*, 217 N.C. 443, 8 S.E. 2d 523; *Bogen v. Bogen*, 219 N.C. 51, 12 S.E. 2d 649. The appointment in Wayne County of an ancillary administrator of Sandra's estate was a prerequisite to the institution and maintenance thereof. If Edmundson's appointment is valid, the Casualty Company, upon the facts stipulated and nothing else appearing, would be obligated to defend the pending suit and, within the limits specified by its policy, to discharge any legal liability of Sandra established therein. The question is whether, upon Sandra's death, the policy is *an asset in North Carolina* within the meaning of G.S. 28-1(4).

The potential right of an administrator of Sandra's estate against the Casualty Company is a chose in action, an intangible asset. As stated by Denny, J. (later C.J.), in *Cannon v. Cannon, supra:* "(A) simple debt due a decedent's estate, which is being administered in a foreign jurisdiction, constitutes a sufficient asset upon which to base a proceeding for the appointment of an ancillary administrator. (Citations.) The debt is an asset where the debtor resides, even though a note has been given therefor, without regard to the place where the note is held or where it is payable. (Citation.)"

The Casualty Company, the debtor, is an Ohio corporation. However, according to the great weight of authority, the deceased insured's potential right of exoneration constitutes a sufficient asset to support the appointment of an (ancillary) administrator in the state where the alleged liability of the insured was incurred *and where such administrator can obtain service of process on the insurer* and thereby enforce the insurer's liability to the estate of the deceased. *Robinson v. Dana's Estate*, 87 N.H. 114, 174 A. 772, 94 A.L.R. 1437; *Gordon v. Shea*, 300 Mass. 95, 14 N.E. 2d 105; *In re Vilas' Estate*, 166 Or. 115, 110 P. 2d 940; *Furst v. Brady*, 375 Ill. 425, 31 N.E. 2d 606, 133 A.L.R. 558; *In re Breese's Estate*, 51 Wash. 2d 302, 317 P. 2d 1055; *Miller v. Stiff*, 62 N.M. 383, 310 P. 2d 1039; *Kimbell v. Smith*, 64 N.M. 374, 328 P. 2d 942; *Campbell v. Davis*, 145 So. 2d 725 (Ala. 1962); *In re Riggle's Will*, 188 N.Y.S. 2d 622; *In re Kreso-*

*vich's Estate,* 168 Neb. 673, 97 N.W. 2d 239; *Tweed v. Houghton,* 103 Ga. App. 57, 118 S.E. 2d 496; *In re Preston's Estate,* 193 Kan. 145, 392 P. 2d 922, overruling *In re Estate of Rogers,* 164 Kan. 492, 190 P. 2d 857; *In re Estate of Gardinier,* 40 N.J. 261, 191 A. 2d 294, overruling *In re Roche,* 16 N.J. 579, 109 A. 2d 655. See Annotation, 67 A.L.R. 2d 936, *et seq.,* superseding 94 A.L.R. 1441, supplemented in 133 A.L.R. 565.

The factual situation in *In re Breese's Estate, supra,* is similar to that now under consideration with one exception. There it appeared affirmatively that the insurer had been licensed to do business in the State of Washington and had appointed the Commissioner of Insurance to accept service of process. Rosellini, J., speaking for the Supreme Court of Washington, said: "Justice and convenience are served by the conclusion we reach that a liability, such as the one involved in this case, *exists wherever it can be enforced* and is therefore an 'asset' sufficient to support the appointment of an administrator, even though it is the only asset subject to his administration." (Our italics.)

In *In re Scarborough, supra,* a resident of Michigan, en route to Florida, died from asphyxiation in a motel room in South Carolina. Domiciliary administration was in Michigan. The question was whether the Clerk of the Superior Court of Mecklenburg County, North Carolina, had authority to appoint an ancillary administrator. As asserted cause of action for wrongful death against a defendant *upon whom service of process could be had in Mecklenburg County* was the only asset of decedent's estate alleged to have a situs in North Carolina. The appointment was held valid. This Court, in opinion by Rodman, J., said: "The fact that a personal representative could obtain a judgment *in personam* on the cause of action which arose in South Carolina was sufficient to authorize the Clerk of the Superior Court of Mecklenburg County to appoint an ancillary administrator."

Appellee directs our attention to *In re Leigh's Estate,* 6 Utah 2d 299, 313 P. 2d 455. A collision in Utah resulted in injuries to a Utah resident and death to a resident of Minnesota. The Utah resident, seeking to assert a personal injury action, obtained the appointment of an administrator of the estate of the Minnesota resident in the Utah county where the collision had occurred. A Wisconsin insurance company had issued a liability policy to the deceased Minnesota resident. The Wisconsin insurer had never qualified to do business and was not doing business in Utah. Notwithstanding, the Supreme Court of Utah upheld the appointment. It was stated that, under the Utah statute, "no property within this State is necessary for the

appointment and functioning of an administrator within this State." In this respect, G.S. 28-1(4) is quite different from the Utah statutes.

In our opinion, and we so hold, the liability insurance policy was an asset in North Carolina within the meaning of G.S. 28-1(4) *if,* but *only if,* the Casualty Company was qualified to do business in this State or otherwise subject to service of process herein. The "Agreed Statement of Facts" is silent as to this essential and determinative fact.

Paragraph 13 of the "Agreed Statement of Facts" reads as follows: "That the agreed statement of facts stipulated herein are all of the facts necessary for the court to make its decision upon the petition of Grange Mutual Casualty Company to remove the said Administrator." We do not agree. "An agreed statement must contain every essential element without any omission, . . ." 83 C.J.S., Stipulations § 10(f)(9), p. 22. Whether the facts stipulated include all facts necessary to decision is a question of law. "(W)hile the parties to an action or proceeding may admit or agree upon facts they cannot make admissions of law which will be binding upon the courts." *Moore v. State,* 200 N.C. 300, 156 S.E. 806; *Auto Co. v. Insurance Co.,* 239 N.C. 416, 419, 80 S.E. 2d 35, 38; 83 C.J.S., Stipulations § 10(e), p. 14; 50 Am. Jur., Stipulations § 5.

The applicable rule is as follows: "When a case is submitted for decision on stipulated facts, and no evidence is offered, the court should not proceed to determine the cause unless *all facts* essential to a determination of the crucial issues raised by the pleadings are included in the stipulations. Rather, in such case, the court should proceed to trial to determine upon evidence the crucial factual issues not covered by the stipulations. In the instant case, the court erred in failing to follow this procedure." *Swartzberg v. Insurance Co.,* 252 N.C. 150, 157, 113 S.E. 2d 270, 277. See also *New Bern v. White,* 251 N.C. 65, 110 S.E. 2d 446, and cases cited.

For the reasons stated, the judgment of the court below is vacated and the cause remanded to the end that there may be a determination as to whether the Casualty Company was qualified to do business in this State or otherwise subject to service of process herein; and, after such factual determination has been made, for further hearing and decision in the light of the principles of law stated herein.

Judgment vacated and cause remanded.

HUSKINS, J., took no part in the consideration or decision of this case.