## In re ESTATE of J. Pierre BEDARD

[657 A.2d 167]

No. 93-212

November 30, 1993. Appellee, who was injured in an accident allegedly caused by the negligence of the decedent insured, filed a petition in probate court to open administration of an intestate estate for the insured after the probate court in the insured's resident state declined to do so based on its conclusion that he did not own real or personal property there. Appellant insurer intervened to challenge the probate court's jurisdiction to administer an estate for a nonresident who owned no property in Vermont other than the right to exoneration under its liability insurance policy. Appellant appeals from the superior court's conclusion that the probate court had jurisdiction to administer the estate.

At issue is whether the right of exoneration under a liability insurance

policy owned by a nonresident decedent who allegedly incurred liability under the policy in Vermont is a sufficient asset to permit the administration of the decedent's estate here. We conclude that it is, and affirm the superior court's decision. Although this Court has not addressed this issue, the generally accepted rule is that the right of exoneration under an insurance policy constitutes sufficient assets, property, or estate of a nonresident decedent to justify the administration of the decedent's estate in the state where the alleged liability was incurred, as long as the carrier is authorized to do business in that state. See *Campbell v. Davis*, 145 So. 2d 725, 727 (Ala. 1962); *Estate of Van Trump v. National Ins. Underwriters*, 517 P.2d 856, 857 (Colo. Ct. App. 1973); *In re Estate of Gardinier*, 191 A.2d 294, 296 (N.J. 1963); *In re Edmundson*, 159 S.E.2d 509, 512 (N.C. 1968); Annotation, *Liability Insurer's Potential Liability to Estate Dependent upon Establishment of Claim against Estate, as Justifying Grant of Administration under Statutes Making Existence of Assets or Property a Condition of Grant*, 67 A.L.R.2d 936, 938 (1959). Appellant does not cite to, and we have not found, any relevant and significant case law that contradicts this general rule.

More importantly, the rule is completely consistent with our statutory law. Administration of the estate of a nonresident decedent shall be allowed "in the probate court of any district in which he had estate." 4 V.S.A. § 313. Similarly, venue for administration of the estate of a nonresident decedent shall lie "in any district where estate of the decedent is situated." 4 V.S.A. § 311a(2). Personal estate is defined broadly as "all property other than real estate." 1 V.S.A. § 129. This broad definition includes a potential right of exoneration, despite the fact that the value of the right is conditioned upon proof of the insured decedent's liability. See *Robinson v. Dana's Estate*, 174 A. 772, 775 (N.H. 1934) (although right of exoneration is conditional, "[i]t is estate, in the statutory meaning, owned by the decedent when he died"). Administration of the estate is particularly appropriate here because Vermont is the situs of the accident that allegedly incurred liability under appellant's policy and because there is no undue burden on the domiciliary state. See *Estate of Van Trump*, 517 P.2d at 859. Indeed, there is no domiciliary estate or jurisdiction in this case, and thus no alternative forum. Public policy and equity favor administration of the estate in Vermont.

*Affirmed.*